**Enrique ORTEGA et al., Plaintiffs,**

v.

**W. J. USERY, Jr., et al., Defendants.**

**Civ. No. B–76–296.**

United States District Court, D. Connecticut.

Nov. 2, 1977.

Allan B. Rubenstein, Fairfield County Legal Services, Inc., Bridgeport, Conn., D. Michael Dale, Legal Services, Inc., Danbury, Conn., Mary A. Conklin, Tolland-Windham Legal Assistance, Inc., Meriden, Conn., James C. Sturdevant, Tolland-Windham Legal Assistance, Inc., Rockville, Conn., for plaintiffs.

Carl R. Ajello, Atty. Gen., Donald E. Wasik, Asst. Atty. Gen., Hartford, Conn., Raymond L. Sweigart, Asst. U. S. Atty., New Haven, Conn., Charles D. Raymond, Bruce W. Alter, U. S. Dept. of Labor, Washington, D. C., for defendants.

## RULINGS ON PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION AND DEFENDANTS' MOTION TO DISMISS

ZAMPANO, District Judge.

Plaintiffs commenced this class action, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202, to challenge the allegedly excessive delays in the processing of claims for unemployment compensation by the State of Connecticut.

In their application for a preliminary injunction, the plaintiffs seek orders to compel: 1) the Connecticut Department of Labor to issue benefits to all unemployment compensation claimants within 14 days of the end of the first week in which the claimants certify that benefits are due; 2) the federal defendant to condition unemployment compensation subsidies to the State of Connecticut on the assurance that the State will pay benefits to all interstate and intrastate claimants within those 14 days; and 3) the state defendant to provide the Court and plaintiffs' counsel with monthly reports verifying compliance with the requested injunctive relief. The defendants counter with motions to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted.

### I

The general scheme of the federal-state program for the payment of unemployment compensation to eligible persons was established by Titles III and IX of the Social Security Act of 1935 (hereinafter the "Act"), as amended by the Employment Security Amendments of 1970. See 42 U.S.C. §§ 501–504 and 26 U.S.C. §§ 3301–3311. The Act provides that federal funds shall be made available to the states to assist in the administration of their unemployment compensation laws. In Connecticut, pursuant to the Unemployment Compensation Act, Conn.Gen.Stat. § 31–222 et seq., the program is administered through the Connecticut Department of Labor.

Under the Act, a state may not receive federal funding unless the Secretary of Labor is satisfied that, among other things, the state's laws include provisions for "methods of administration . . . reasonably calculated to insure full payment of unemployment compensation when due" (emphasis supplied), and an opportunity for a fair hearing for all claimants whose applications for benefits are denied. 42 U.S.C. § 503(a)(1) and (a)(3). However, the Act only requires that the Secretary find that the state, in the administration of its unemployment compensation laws, be in "substantial compliance" with the requirements of § 503(a). 42 U.S.C. § 503(b).

On July 23, 1976, in order to establish guidelines for benefit payment promptness by a state, the Secretary promulgated certain regulations which announced a standard that required benefit claims to be processed "with the greatest promptness that is administratively feasible", and which set forth percentage criteria to enable the Secretary to determine whether the state was in substantial compliance with the "when due" mandate of the Act as interpreted by the Secretary's standard. 20 C.F.R. §§ 640.4–5. According to the regulation, "substantial compliance" is deemed

satisfied if a state, within 14 days after the end of the first compensable week, has issued 60 percent of first benefit payments on all interstate claims and 80 percent of first benefit payments on all intrastate claims.

The plaintiffs contend 1) that the clear command of the "when due" provision of § 503(a)(1) is that *all* claims must be processed by the State within 14 days from the end of the first weekly period for which benefits are due, and 2) that the percentage standards set forth in the regulations are violative of their rights under the Due Process and Equal Protection Clauses of the Constitution.

## II

■ The well-established rule for the issuance of a preliminary injunction is whether there has been "a clear showing of either (1) probable success on the merits *and* possible irreparable injury, *or* (2) sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Sonesta Int'l Hotels Corp. v. Wellington Associates*, 483 F.2d 247, 250 (2 Cir. 1973) (emphasis in original); *Pride v. Community School Board*, 482 F.2d 257, 264 (2 Cir. 1973); cf. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975); *Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319, 323 (2 Cir.), cert. denied, 394 U.S. 999, 89 S.Ct. 1595, 22 L.Ed.2d 777 (1969).

The Court accepts the plaintiffs' argument that a showing of irreparable harm has been made. While it is true that eligibility for unemployment compensation is not based solely on need and that claimants in general can tolerate delays without the hardship suffered, for example, by welfare recipients whose payments are unreasonably withheld, cf. *Mathews v. Eldridge*, 424 U.S. 319, 340–341, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), it must also be recognized that many unemployed persons depend on prompt aid to obtain the basic necessities of life. Cf. *California Dept. of Human Re-*

*sources v. Java*, 402 U.S. 121, 130, 91 S.Ct. 1347, 28 L.Ed.2d 666 (1971). Moreover, the obvious Congressional intent expressed in § 503(a)(1) is to insure punctual payments of unemployment compensation to help stabilize the economy by providing support to the jobless while they seek new work. *Id.* at 131–132, 91 S.Ct. 1347.

■ However, the Court is convinced, on the basis of the present record, that the plaintiffs will not succeed on the merits at trial. The Supreme Court in *Java* construed the "when due" provision in § 503(a)(1) "to mean at the earliest stage of unemployment that such payments were administratively feasible after giving both the worker and the employer an opportunity to be heard." 402 U.S. at 131, 91 S.Ct. at 1354. It seems evident that an "administratively feasible" period involves a sufficient time to make a reasonably reliable determination of eligibility. On the one hand, a state cannot delay payment for several months until all appeals have been exhausted by employers, *id.* at 133, 91 S.Ct. 1347 but, on the other hand, a state should not be required to expend funds to a claimant until there is a fair assurance that the claim is valid. The interest of the claimant in a prompt payment must be balanced against a state's interest in protecting the public treasury.

■ The record before the Court fails to support plaintiffs' argument that it is administratively feasible for the State of Connecticut to pay benefits to *all* claimants within 14 days of actual or claimed eligibility. Indeed, the evidence is to the contrary. Before payment can be authorized for an intrastate claimant, information must be obtained concerning the length of previous employment, the amount of wages received, the reason for discharge, and current efforts to obtain new employment. Obviously there are circumstances which delay the receipt of this data. If a claimant is unable to furnish or to verify, if necessary, the requested information, employers must be contacted by phone or mail. Some employers fail to respond to initial inquiries; others are out of business. The testimony of

the State's witnesses confirmed that there are a limited number of cases that present unique problems which demand additional time-consuming procedures before a final determination on eligibility is achievable. Thus some flexibility in time beyond the usual 14-day period is reasonable to process the exceptional cases.

■ With respect to an interstate claimant, the potential for delay is even more acute. Interstate claims are forwarded by Connecticut to the state where the claimant was formerly employed. Connecticut does not determine eligibility nor is it responsible for payment; it is merely a conduit through which payment is made to the claimant. Under these circumstances, injunctive relief requiring the State of Connecticut to guarantee payments to interstate claimants within a 14-day period would be totally unwarranted.

■ Similarly, the plaintiffs' case for injunctive relief against the federal defendant is devoid of merit. Congress delegated to the Secretary of Labor the duty to monitor a state's "substantial compliance" with the Act. 42 U.S.C. § 503(b)(2). It is self-evident that the plain language of the statute requires something less than 100 percent adherence to the "when due" rule. The Secretary has determined that the "substantial compliance" standard is deemed satisfied if a state, within 14 days after the end of the first compensable week, has issued 80 percent of first benefit payments to all intrastate claimants and 60 percent of first benefit payments to all interstate claimants. This regulation not only is facially entitled to a presumption of validity, cf. *Flemming v. Nestor*, 363 U.S. 603, 617, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), but also on the evidentiary record here has a rational basis in fact, particularly in view of the difficult task confronting the Secretary to supervise the complex unemployment compensation programs of each state.

This is not to say, however, that the regulation permits a state to make no benefit payments to up to 20 percent of all intrastate claims and up to 40 percent of all

interstate claims. The Secretary has made it clear that payment to all eligible individuals must be made "with the greatest promptness that is administratively feasible." 20 C.F.R. 640.1(a) (1977). The 80 percent and 60 percent payment criteria are convenient and easily applied guidelines to test a state's compliance with the Act. As the Secretary concedes in his brief, at p. 14, ". . . any state which fails to act on employment compensation claims within an administratively reasonable period of time may be in violation of the Secretary's regulations *even if it is meeting the percentage criteria. . . .*" (emphasis added).

It may be that at trial with an expanded record, the plaintiffs may demonstrate that the State of Connecticut has failed to pay eligible claimants with the greatest promptness that is administratively feasible, despite its compliance with the percentage standard set by the Secretary of Labor. If so, an appropriate remedy against the State may be fashioned at that time. In the meantime, no useful purpose is served by retaining the Secretary as a party. Cf. *Phillips v. Dawson*, Civil No. C–75–001 (W.D.Ky.1976).

Accordingly, it is ordered as follows:

1. The plaintiffs' application for a preliminary injunction is denied;

2. The motion to dismiss filed by defendant Secretary of Labor is granted;

3. The motion to dismiss filed by the Commissioner of the Connecticut Department of Labor is denied.