**LAURA HARRIGAN, Petitioner**

v.

**HUGH SMITH, Director of the Virgin Islands Employment Security Agency, Respondent**

Civil No. 79-164

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 24, 1980

---

FRANCIS E. JACKSON, JR., ESQ. (Legal Services of the Virgin Islands, Inc.), St. Thomas, V.I., *for petitioner*

CHRISTIAN, *Chief Judge*

## OPINION

This cause is before the Court on a petition for review of the hearing examiner's decision affirming a determination by the Virgin Islands Employment Security Agency hereinafter "Employment Agency" that the petitioner was not entitled to an adjustment of unemployment insurance payments received during 1975 and 1976. 24 V.I.C. § 306(e). Petitioner asserts that the hearing examiner's decision should be overturned because 24 V.I.C. § 305(g)(2), that limits the time during which benefits can be recomputed to a period of one year from the date of determination of insured status, is unconstitutional on its face and as applied to this case. This Court finds the petitioner's constitutional arguments to be without merit and therefore affirms the hearing examiner's decision.

## FACTS

The facts in the case at bar were never disputed by the parties. Prior to January 1, 1978, the Virgin Islands Unemployment Insurance Act provided that the maximum weekly benefit amount payable to any insured worker would be an amount equal to 66 2/3 percent of the Virgin Islands average weekly wage, an amount to be recomputed on January 1st of each year. 24 V.I.C. § 303(b)(3). In late January or early February of 1977 (the exact date is not known) the Employment Agency discovered that there had been no recomputation of the maximum weekly benefit amount for several years. Accordingly, claimants entitled to receive the maximum weekly benefit amount during those years had been underpaid. Relying on the opinion of the Attorney General, the Director of the Employment Agency determined that his authority to make adjustment payments was limited to those claimants who had filed claims on or after January 1, 1976. The Attorney General based his decision on 24 V.I.C. § 305(g)(2), which provides in pertinent part:

At any time within 1 year from the date of a determination of insured status, the Director on his own motion may reconsider such determination if he finds that an error in computation or identity has occurred in connection therewith . . . .

■ Petitioner filed her initial claim for unemployment insurance benefits in November of 1975, and collected insurance payments for 26 weeks thereafter. The maximum weekly benefit amount to which a claimant is entitled is established at the time an initial claim is filed, and this limitation remains valid for a period of twelve months thereafter. 24 V.I.C. § 303(b)(3). Therefore, the maximum weekly benefit amount prevailing in November of 1975 was applied to the benefits received by the petitioner in 1976. The maximum weekly benefit amount for 1975 was improperly computed to be $82 per week, rather than $100 a week, and thus petitioner was underpaid $468 during a 26-week period, as she was entitled to the maximum amount. However, petitioner's requests for adjustment payments were denied by the Employment Agency, and this decision was affirmed by the hearing examiner, on the grounds that the Director had no authority to make adjustment payments to those claimants who filed initial claims for benefits prior to January 1, 1976. 24 V.I.C. § 305(g)(2).

## I. PREEMPTION

Petitioner's first contention is that 24 V.I.C. § 305(g)(2) is void because it is preempted by controlling federal law. Petitioner's analysis begins with the fact that 24 V.I.C. § 305(g)(2) is a provision of the Virgin Islands Unemployment Insurance Act which, in turn, is an element of a Federal-State[1] cooperative unemployment insurance program. All such programs are financed in part by grants from the United States pursuant to the Social Security Act, 42 U.S.C. §§ 501–503. Furthermore, these grants to territorial unemployment insurance programs are expressly made conditional upon the program conforming with federal standards. 42 U.S.C. § 503(a). One of the federal requirements is that the local methods of administration be "found by the Secretary of Labor to be reasonably calculated to insure full payment of unemployment compensation *when due*." 42 U.S.C. § 503(a)(1). (Emphasis added.) Petitioner argues that the one-year limitation on the Employment Agency Director's power to recompute benefits, provided for in 24 V.I.C. § 305(g)(2), is incon-

---

[1] The definition of "state" for unemployment insurance programs includes the Virgin Islands. 42 U.S.C. § 1301(a).

sistent with the "when due" language of 42 U.S.C. § 503(a)(1), and therefore 24 V.I.C. § 305(g)(2) is preempted by federal law. This Court finds that the two sections are compatible and, therefore, no preemption has occurred.

◼ The Supreme Court construed the "when due" language of 42 U.S.C. § 503(a)(1) in California Human Resources Dep't v. Java, 402 U.S. 121 (1971). In that case, the Court evaluated the California procedure which suspended unemployment benefits while the claimant's employer appealed the initial determination of the claimant's eligibility. The Court first noted that the intent of Congress was to make payments available at the earliest stage of unemployment that is administratively feasible, so that a substitute for wages is rapidly provided. Id. at 131. Accordingly, the Court determined that the "when due" language meant that payments must be made once the eligibility for benefits has been approved at a hearing of which both parties have notice and an opportunity to be heard. Id. at 133. The Court thus found California's provision for suspension of unemployment benefits during appeal in conflict with 42 U.S.C. § 503(a)(1). Id. at 135.

◼ There is no such conflict between the "when due" language of 42 U.S.C. § 503(a)(1) and the limitation to one year of retrospective relief for a miscalculation that is provided for in 24 V.I.C. § 305(g)(2). As noted above, 42 U.S.C. § 503(a)(1) is addressed to insuring prompt payment of unemployment insurance benefits. It is difficult to discern how that requirement is affected by the fact that there is a procedural cut-off date after which all previous payments are considered to be final. In Java, the Supreme Court found the major fault of the California provisions to be that after a former employee had initially been found eligible for payments, the employer's appeal of that decision could by itself delay payments for weeks. Id. at 133. In contrast, the petitioner in this case has not been declared entitled to additional funds in any proceeding, "thus there is no question of not being paid promptly for benefits that have been found to be due." Fouste v. Dep't of Employment, 540 P.2d 1341, 1344 (Sup. Ct. Idaho 1975) (court upheld a statutory procedure, challenged as a violation of "when due" provision, under which a claims examiner's determination that claimant is ineligible for benefits is final unless request for redetermination is filed within 14 days after notice). In sum, the "when due" requirement of 42 U.S.C. § 503(a)(1) does not come into play in a 24 V.I.C. § 305(g)(2) situation. Finally, even if this Court were to conclude that some inconsistency exists

18

between 42 U.S.C. § 503(a)(1) and 24 V.I.C. § 305(g)(2), it would be minor at best. Accordingly, since 42 U.S.C. § 503(b) only requires that the Secretary of Labor find that the territory, in the administration of its unemployment compensation laws, is in "substantial compliance" with the requirements of 42 U.S.C. § 503(a), preemption of 24 V.I.C. § 305(g)(2) would not be an appropriate legal conclusion. See Ortega v. Usery, 441 F.Supp. 100, 102 (D. Conn. 1977).

## II. EQUAL PROTECTION

Petitioner's next contention is that 24 V.I.C. § 305(g)(2) is unconstitutional because it denies petitioner her rights under the equal protection clause of the Fourteenth Amendment to the United States Constitution.[2] The petitioner argues that 24 V.I.C. § 305(g)(2) creates arbitrary classifications between similarly situated unemployment claimants. Claimants filing claims *both before and after* January 1, 1976, were underpaid; however, only those claimants filing claims *after* January 1, 1976, are entitled to receive adjustment payments. This Court is not persuaded that these distinctions violate the equal protection clause because there is a sufficient rational basis for the distinctions made between the two categories of claimants.

■ The test for determining whether unemployment legislation violates the equal protection clause was articulated in Vaccarella v. Fusari, 365 F.Supp. 1164, 1167 (D. Conn. 1973). The court noted that "[w]henever legislation operates to grant benefits to some people, but not to others similarly situated, there is a basis for a claim under the equal protection clause . . . . [However, the legislation] must be sustained if it rationally furthers some legitimate, articulated state purpose." (Citations omitted.)

■ A cut-off date for the recomputation of unemployment insurance benefits serves a legitimate state purpose. It allows the state to know with certainty when the insurance payments made have been finally determined, thus facilitating the keeping of accurate books of account and budgetary planning. Furthermore, a cut-off date for recomputation can be analogized to a statute of limitations in that after a certain period of time, a claim for monetary relief is no longer legally cognizable. Statutes of limitations are not prohibited by the equal protection clause and thus the limitation period for

---

[2] 48 U.S.C. § 1561 makes applicable to the Virgin Islands both the equal protection clause and the due process clause of the Fourteenth Amendment.

recomputation of unemployment benefits, provided *for in* 24 V.I.C. § 305(g)(2), should not be either.

## III. DUE PROCESS

Petitioner also challenges 24 V.I.C. § 305(g)(2) on the grounds that it deprives petitioner of her rights under the due process clause of the Fourteenth Amendment to the United States Constitution, which provides that no person shall be deprived of their "life, liberty or property" without due process of law.[3] Petitioner claims that 24 V.I.C. § 305(g)(2) arbitrarily and without rational justification deprived petitioner of unemployment benefits to which she was entitled to under the existing statutory provisions and thus, 24 V.I.C. § 305(g)(2) violates the due process clause. This Court finds that on the contrary, 24 V.I.C. § 305(g) provides an adequate and fair procedure for redetermining an unemployment claim.

██ "The analysis of a due process challenge is two-fold: First, whether the interest asserted is within the Fourteenth Amendment's protection of 'liberty' or 'property'; and if so, what process is 'due' in the particular context." Gary v. Nichols, 447 F.Supp. 320, 322 (D. Idaho 1978). Unemployment insurance benefits are clearly a type of property interest. Id. at 322–23 ("unemployment benefits are specific, more than expectational, and conferred by existing statutes, rules and regulations"). Thus, the major issue is whether the administrative procedures set out in 24 V.I.C. § 305(g) are constitutionally sufficient. Resolution of this issue "requires analysis of the governmental and private interests that are affected." Mathews v. Eldridge, 424 U.S. 319, 334 (1975).

██ 24 V.I.C. § 305(g) provides several means for obtaining a redetermination of a claim by the Director of the Employment Agency. For example, any determination may be reconsidered by the Director within 10 days after it was made, 24 V.I.C. § 305(g)(1), erroneous determinations may be reconsidered within one year, 24 V.I.C. § 305(g)(2), and waiting week benefits may be reconsidered at any time during a two-year period, 24 V.I.C. § 305(g)(3). Besides the opportunity to obtain a timely redetermination by the Director, claimants also have a right to an appeal before a referee, 24 V.I.C. § 306(b), and a right to obtain judicial review of the referee's decision by the District Court, 24 V.I.C. § 306(e)(1). With all these opportunities to have a claim redetermined and reviewed, it is difficult to

---

[3] See note 2 supra.

discern how anyone could claim that the process was anything but due. The interest of unemployment insurance recipients in obtaining the benefits they are entitled to is adequately protected against arbitrary or capricious action.

## CONCLUSION

The petitioner has failed to persuade this Court that 24 V.I.C. § 305(g)(2) should be struck down. Therefore, as the hearing examiner's decision was otherwise valid, that decision will be affirmed.