540 P.2d 1341

**Loretta S. FOUSTE, Claimant-Appellant,**

v.

**DEPARTMENT OF EMPLOYMENT, Defendant-Respondent.**

**No. 11835.**

Supreme Court of Idaho.

Oct. 7, 1975.

---

Loretta S. Fouste, pro se.

R. LaVar Marsha, Asst. Atty. Gen., Boise, for defendant-respondent.

McQUADE, Chief Justice.

Claimant-appellant, Loretta S. Fouste, (hereinafter claimant) brings this appeal from an order of the Industrial Commission denying her claim for unemployment insurance benefits. We affirm the order of the Industrial Commission.

Claimant was employed as a machinist for Omark, an ammunition manufacturer, in Lewiston, Idaho, for nine years commencing April 14, 1965, and continuing until June 17, 1974, when she terminated her employment. Claimant resided in the Lewiston area during the entire period of her employment, with the exception of the last year when she moved to Starbuck, Washington. This move necessitated a daily round trip to work of approximately 100 miles. Claimant ended her employment with Omark on June 17, 1974, giving as a reason for leaving the job, the long distance she was required to drive to and from work. At the time she left Omark she had no other job prospects.

On July 8, 1974, claimant filed a claim for unemployment insurance benefits with defendant-respondent, Idaho Department of employment (hereinafter Department). Shortly thereafter she left on a trip which the record indicates was a vacation and job-seeking excursion. Her travels took her to the cities Portland, Seattle, Spokane and the State of Montana. While she was away from home, claimant's mail was picked up by friends but was not forwarded to her.

On July 24, 1974, a determination was issued by the Department declaring claimant ineligible for benefits and mailed to her at her home in Starbuck, Washington, the very same day. The reason given for this adverse determination was that claimant

had not established good cause for leaving her employment. The determination stated that if an appeal was not taken within 14 days from the date of mailing or from the date of personal delivery, the determination would become final. Claimant had not returned from her trip by the time the determination denying her claim was mailed to her home. The record discloses that claimant did not advise the local employment office she would be out of the area prior to her departure, nor did claimant leave a forwarding address where she could be contacted.

Claimant filed a request for redetermination on September 11, 1974, after she arrived at home and found the letter from the Department denying her claim. An order was issued on September 20, 1974, wherein the Department ruled that the redetermination examiner was without authority to rule on claimant's request because the determination issued July 24, 1974, was not protested within the 14-day statutory time limit after mailing. Claimant next appealed the redetermination ruling to the appeals examiner of the Department. The appeals examiner upheld the redetermination ruling. Claimant then appealed to the Industrial Commission for review. The Industrial Commission affirmed the decision of the appeals examin-er and ordered claimant's appeal be dismissed. The Industrial Commission ruled that pursuant to I.C. § 72–1368, claimant's request for a redetermination was not timely filed and that therefore the appeals examiner was without jurisdiction to review the merits of her case. Claimant appeals from the order of the Industrial Commission.

■ In her sole assignment of error, claimant argues first that I.C. § 72–1368(c)[1] and (e)[2] violate the Social Security Act because these statutory provisions are not reasonably calculated to insure payment of unemployment compensation "when due", and second, that the appeals procedure set forth in I.C. § 72–1368(c) and (e) deprive a claimant of the hearing that the Supreme Court of the United States has found to be necessary in order for a state to be in compliance with the Social Security Act. Claimant places primary reliance upon the case of *California Department of Human Resources v. Java*[3] to substantiate her position. For reasons which will appear hereafter, we do not agree with claimant's assertions.

The relevant section of the Social Security Act which claimant maintains Idaho law does not comply with is 42 U.S.C. § 503(a)(1). This section provides in perti-

---

1. I.C. § 72–1368(c) provides:

"A representative of the department of employment, appointed by the director and hereinafter referred to as a claims examiner, shall examine promptly a claim filed pursuant to subsection (a) above and, on the basis of the facts found by him, shall determine whether or not the claimant is eligible for benefits and, if eligible, date of commencement of his benefit year, the weekly benefit amount payable, the total benefit amount payable, his base period of wages, and his base period covered employers. In the event of a denial or a finding by the claims examiner that a claimant is ineligible for benefits, the determination shall include the reasons for the ineligibility. The determination shall become final unless, within fourteen (14) days after notice, as provided in subsection (e) following, a request for redetermination is filed with the department of employment."

2. I.C. § 72–1368(e) provides:

"All interested parties as defined in section 72–1323, Idaho Code, shall be entitled to prompt service of notice of determinations and redeterminations. The claimant shall be served with notice of all determinations and redeterminations, but in the event that a claimant files more than one claim arising out of the same unemployment, the last employer need not be served with notice of more than the initial determination and redetermination unless he specifically requests service of additional notices. For purposes of this section, a notice shall be deemed served if delivered to the person being served or if mailed to his last known address; service by mail shall be deemed complete on the date of mailing."

3. 402 U.S. 121, 91 S.Ct. 1347, 28 L.Ed.2d 666 (1971).

nent part that a state program for administering unemployment compensation must:

" . . . be reasonably calculated to insure full payment of unemployment compensation when due;"

before the Secretary of Labor may make certification for payment of federal funds. This section was first construed by the United States Supreme Court in the case of *California Department of Human Resources v. Java,* where the Court said:

" . . . 'when due' was intended to mean at the earliest stage of unemployment that such [unemployment compensation benefit] payments were administratively feasible after giving both the worker and the employer an opportunity to be heard."[4]

In *Java* a challenge was brought against a California statute which suspended the payment of unemployment compensation benefits to a claimant when an employer appealed from an initial determination of eligibility.[5] The United States Supreme Court concluded that this California provision was violative of 42 U.S.C. § 503(a)(1). In so holding, the Court reasoned as follows:

"We conclude that the word 'due' in § 303(a)(1) [42 U.S.C. § 503(a)(1)] when construed in light of the purposes of the Act means the time when payments are first *administratively allowed* as a result of a hearing of which both parties have notice and are permitted to present their respective positions; any other construction would fail to meet the objective of early substitute compensa-

tion during unemployment. Paying compensation to an unemployed worker promptly *after an initial determination of eligibility* accomplishes the congressional purposes of avoiding resort to welfare and stabilizing consumer demands; delaying compensation until months have elapsed defeats these purposes. It seems clear therefore that the California procedure, which suspends payments for a median period of seven weeks pending appeal, after an initial determination of eligibility has been made, is not 'reasonably calculated to insure full payment of unemployment compensation when due.' " (Emphasis added.)[6]

We do not believe that the *Java* case, although heavily relied upon by claimant, supports her position. The *Java* case is clearly distinguishable from the facts of this appeal, and therefore inapposite. In *Java,* a party whose claim for benefits was initially *approved* was faced with the prospect under California law of being deprived of payments for a period of several weeks, pending her employer's appeal from this determination of eligibility. Claimant Fouste faces no such prospect. She has *never* been determined to be eligible for benefits. Thus there is no question of not being paid promptly for benefits that have been found to be due.

Idaho's scheme for administering its unemployment compensation system conforms in all respects with the letter and spirit of 42 U.S.C. § 503(a)(1). There is no provision in the Idaho Code which delays the prompt payment of benefits after an initial

---

4. Id. at 131, 91 S.Ct. at 1354, 28 L.Ed.2d at 674.

5. The provision in issue was section 1335 of the California Unemployment Insurance Code which as then applicable provided:
"If an appeal is filed, benefits with respect to the period prior to the final decision on the appeal shall be paid only after such decision, except that:
(a) If benefits for any week are payable in accordance with a determination by the department irrespective of any decision on the issues set forth in the appeal, such benefits shall be promptly paid regardless of such appeal.

(b) If a referee affirms a determination allowing benefits such benefits shall be promptly paid regardless of any appeal which may thereafter be taken, and regardless of any action taken under Section 1336 or otherwise by the director, Appeals Board, or other administrative body or by any court.
If such determination is finally reversed, no employer's account shall be charged with benefits paid because of that determination."

6. *Supra* n. 3 at 133, 91 S.Ct. at 1355, 28 L.Ed.2d at 674–675.

determination of eligibility is made. Nor is there a provision which suspends or withholds the payment of benefits pending an appeal by the employer after an initial determination of eligibility is made.

On the contrary I.C. § 72–1368(j) provides:

(j)(1) Benefits shall be paid *promptly* in accordance with a determination, redetermination, appeals examiner decision or board findings allowing such benefit rights, regardless of:

(a) The pendency of a time period for requesting a redetermination, filing an appeal or petitioning for board review, or

(b) Pendency of a request for determination, appeal, or petition for review.

(2) Such payments shall *not* be withheld until a subsequent redetermination, appeals examiner decision, or board findings modifies or reverses the previous decision, in which event benefits shall be paid or denied in accordance with such decision." [Emphasis added].

The statutory provisions claimant attacks do not deny payment of benefits "when due" as this phrase was construed by the United States Supreme Court in *Java.* These provisions simply establish the procedures for filing a claim for unemployment compensation benefits and for appealing an adverse determination. They do not unlawfully impede or delay the prompt payment of benefits which have been determined by a claims examiner to be due, so as to be violative of the "when due" provision of the Social Security Act.

■ Claimant next contends she has been denied the hearing that the United States Supreme Court has found necessary (presumably in *Java*) before a state's unemployment compensation system will be found to conform with the Social Security Act. Claimant argues that the initial filing of a claim does not meet the requirements of a hearing, and that this defect is not cured at the redetermination or appeal level in those cases where a claimant has failed to file a timely appeal. We cannot agree with this contention.

In *Java,* the United States Supreme Court found no infirmity with the California procedure for evaluating eligibility claims:

"Although the eligibility interview is informal and does not contemplate taking evidence in the traditional judicial sense, it has adversary characteristics and the minimum obligation of an employer is to inform the interviewer and the claimant of any disqualifying factors. So informed, the interviewer can direct the initial inquiry to identifying a frivolous or dilatory contention by either party." [7]

This procedure is essentially equivalent to that followed in this state, and we find it to be valid. It affords a claimant the kind of a hearing she is entitled to at the initial eligibility stage.

■ Nor can we conclude that claimant has been denied a fair hearing at the appeals level. Under Idaho law all "interested parties"[8] are entitled to appeal a determination and redetermination of eligibility for unemployment compensation benefits made by a claims examiner. The appeal may first be brought to an appeals examiner of the Department,[9] and then to the In-

---

7. Id. at 134, 91 S.Ct. at 1355, 28 L.Ed.2d at 675.

8. I.C. § 72–1323 defines "interested party" as:

"The term 'interested party' with respect to a claim for benefits means the claimant, the claimant's last regular employer, the covered employer whose account is chargeable for experience rating purposes, and the director or a duly authorized representative of any of them; an 'interested party' with respect to proceedings involving employer liability means the employer and the director or a duly authorized representative of either of them."

9. I.C. § 72–1368(f) provides:
"(f) To hear and decide appeals from determinations and redeterminations the director shall appoint one or more appeals examiners. Unless the appeal is with-

dustrial Commission[10] should further review be requested. At each level of review, a fair and impartial hearing is to be held. This appeal process satisfies the "fair hearing" requirement of the Social Security Act.[11] We do not believe that claimant's failure to properly utilize the appellate procedure, because of her failure to comply with the reasonable time limitations allowed for an appeal, compels this Court to reach a contrary conclusion.

We are not dealing in this instance with a statute which denies a claimant a right to appeal a determination of ineligibility, or a statutory scheme which although allowing for an appeal, is so arbitrary or unreasonable as to amount to no appeal at all. What we are dealing with is a claimant who failed to properly utilize the clearly established procedures for appealing a determination of ineligibility. The appellate procedure with its prescribed time limitations for perfecting appeals is reasonable and violates no federal directive or law. The 14-day limitation strikes a necessary balance between a claimant's right to appeal

---

drawn, the appeals examiner, after affording the interested parties reasonable opportunity for a fair hearing, shall affirm, modify, set aside or reverse the determination or redetermination involved and shall notify the interested parties of his decision by serving notice in the same manner as provided in subsection (e) above. Such decision shall set forth the findings of fact upon which the decision is based together with a statement showing how the appeals examiner applied the Employment Security Law to such findings of fact in order to reach his conclusion. The appeals examiner may, either upon application for rehearing by an interested party or on his own motion, proceed to rehear, affirm, modify, set aside or reverse any prior decision on the basis of the evidence previously submitted in such case or on the basis of additional evidence; provided, that such application or motion be made within ten (10) days after the date of service of such decision. A full and complete record shall be kept of all proceedings in connection with an appealed claim. All testimony at any hearing before an appeals examiner shall be recorded but need not be transcribed unless a claim for review of the appeals examiner's decision is filed with the board. Witnesses subpoenaed by the appeals examiner shall be allowed fees at a rate prescribed in the regulations of the director. Such fees shall be deemed a part of the expenses of administering this act. If any interested party to a hearing formally requests the appeals examiner to issue a subpoena for a witness whose evidence is deemed necessary, the appeals examiner shall promptly issue the subpoena, unless such request is determined to be unreasonable. Unless an interested party shall within fourteen (14) days after service of the decision of the appeals examiner file with the board a claim for review or unless an application or motion is made for a rehearing of such decision, the decision of the appeals examiner shall become final."

10. I.C. § 72–1368(g) provides:
"(g) The board shall hear and decide all claims for review filed by any interested party in accordance with its own rules of procedure not in conflict herewith. The record of the proceedings before the appeals examiner shall become part of the record of the proceedings on a claim for review before the board with respect to the evidence admitted into testimony received before the appeals examiner, but the board is not precluded from hearing the same witnesses as appeared before the appeals examiner nor any additional witnesses nor is the board precluded in any way from receiving any additional evidence. In order to have it become a part of the record before the board, in no event shall any party be required, in the course of a hearing before the board, to introduce and have admitted any documentary evidence which was previously admitted into the record by the appeals examiner. After affording a fair and impartial hearing to the parties involved in a claim for review, the board shall affirm, reverse, modify, set aside or revise the decision of the appeals examiner or may refer the matter back to the appeals examiner for further findings of fact. The board shall file its decision and shall promptly serve notice of its decision to all the interested parties. No party shall as a matter of right be entitled to a second hearing before the board upon any question of fact."
It should also be noted that I.C. § 72–1368(i) provides for a right to appeal a decision of the Industrial Commission to the State Supreme Court. The Supreme Court's jurisdiction in these appeals is limited to a review of questions of law.

11. 42 U.S.C. § 503(a)(3) provides that before a state unemployment system will receive certification it must accord a claimant:
"Opportunity for a fair hearing, before an impartial tribunal, for all individuals whose claims for unemployment compensation are denied."

168

and the Department's need to handle its affairs in an expeditious and efficient manner.

 The statutory requirements governing the right to appeal under the Employment Security Act are mandatory and jurisdictional. As this Court noted in *Striebeck v. Employment Security Agency*:

> "This Court has repeatedly held that the statutory requirements as to the method and manner of taking an appeal are mandatory and the filing and service of notice of appeal within the time and in the manner prescribed by statute are jurisdictional." [12]

Since claimant failed to appeal the determination decision within the 14-day period provided by statute, she lost her right to have the determination of ineligibility reviewed. The order of the Industrial Commission is affirmed.

Costs to respondent.

McFADDEN, DONALDSON, SHEPARD, and BAKES, JJ., concur.

12. 83 Idaho 531, 537, 366 P.2d 589, 592 (1961).