## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 36144

SVITLANA Y. SIMPSON, )
)
    Claimant-Appellant, )
)
v. )
)
TRINITY MISSION HEALTH & REHAB )
OF MIDLAND L.P., Employer, and IDAHO )
DEPARTMENT OF LABOR, )
)
    Respondents. )

Boise, August 2010 Term

2010 Opinion No. 142

Filed: December 23, 2010

Stephen Kenyon, Clerk

Appeal from the Industrial Commission of the State of Idaho.

The matter is <u>remanded</u> for further proceedings.

Svitlana Y. Simpson, Nampa, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent Idaho Department of Labor. Tracey K. Rolfsen argued.

_____

HORTON, Justice

    This appeal arises from an order from the Idaho Industrial Commission (Commission). Appellant Svitlana Y. Simpson (Simpson) appeals the Commission's denial of her claim for unemployment insurance benefits after the termination of her employment with Trinity Mission Health & Rehab of Midland, L.P. (Trinity). Simpson alleges she was unjustly denied unemployment insurance benefits because the Commission's eligibility determination was based on inadequate and false statements. Simpson further alleges the Commission erred when it did not conduct a new hearing to allow her to submit evidence in support of her claim. We remand this matter to the Commission to determine whether the interests of justice require that Simpson be permitted to present additional evidence. Because we remand on those grounds, we do not decide whether the Commission's determination was supported by substantial and competent evidence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Simpson worked as a certified nursing assistant for Trinity from October 4, 2006, until October 2, 2008. During Simpson's final week of employment with Trinity, an inspector observed her handle her cell phone while operating a lift. This violation of company policy was reported to Simpson's administrator, Mark Cenis (Cenis). Cenis called Simpson into work on her first of two consecutive scheduled days off, October 1st. During the impromptu meeting, Simpson signed a cell phone policy and agreed to attend a safety training on her second day off, October 2nd. However she did not attend the training, and did not return to work on October 3rd as scheduled. Simpson's employment was terminated, and she filed a claim for unemployment insurance benefits, which the Idaho Department of Labor (IDL) granted on October 20, 2008.

Trinity subsequently appealed the eligibility determination, and the IDL scheduled a December 3, 2008, telephone hearing before an appeals examiner to resolve the matter. On November 25, 2008, the IDL mailed notice of the hearing to the parties at their last known addresses. Simpson did not appear at the hearing before the appeals examiner, and no evidence was submitted on her behalf. At the hearing, Cenis testified that Simpson violated Trinity's cell phone policy, the missed training session was mandatory, and Simpson did not return for regularly-scheduled work. Cenis testified that because Simpson didn't appear at the training session, she was a "no call, no show," and the record included a document demonstrating the Trinity nursing staff had a "no call, no show, no job" policy. Cenis was not certain whether Simpson had any further contact with Trinity after the missed training. Based on the record before it, the appeals examiner concluded that the training session was a mandatory prerequisite to Simpson's return to her regular work schedule, that she did not attend the training session, and that following the training there was no contact between Trinity and Simpson. The appeals examiner thus held that Simpson voluntarily terminated her employment without good cause in connection to employment, and was therefore not eligible for unemployment benefits. Its decision was mailed to the parties on that day.

By way of a letter faxed on December 15, 2008, Simpson timely appealed the appeals examiner's decision, asserting she was fired. In a December 31, 2008 letter, she explained that she failed to participate in the hearing before the appeals examiner because she did not receive notice of the hearing. She had changed residences on November 21st, and had placed a forwarding request in her mailbox. However, the postal service did not receive the request

because her landlord sealed her mailbox. Once she discovered the mailbox was sealed, Simpson provided the postal service with a change of address form. She began receiving mail on December 10th. Simpson also provided her version of the termination, stating that she was not aware that the training session was mandatory, but that she did agree to attend it on her day off. She explained that she forgot to attend the October 2nd session, but that she apologized and tried to reschedule the training when a Trinity employee called her that afternoon. However, Simpson alleged the call was transferred to her supervisor, who stated the session had been mandatory and that she was fired because she failed to attend it.

On January 23, 2009, the Commission issued a decision and order affirming the appeals examiner's determination that Simpson voluntarily quit her job without good cause. The Commission held that although she did not actually receive advance notice of the hearing, Simpson was afforded sufficient due process because the non-receipt resulted from Simpson's failure to fulfill her continuing obligation to update her mailing address. The Commission noted that although Simpson explained her failure to appear, "she does not specifically ask for a new hearing. Therefore, we conclude that no additional hearing is necessary to further the interests of justice in this matter." On February 5, 2009, Simpson moved for reconsideration, contesting the Commission's findings and conclusions.[1] On February 6, 2009, Simpson filed a notice of appeal to this Court. On March 3, 2009, Simpson filed an amended notice of appeal.

On appeal, Simpson argues the Commission should have ordered a new hearing to allow her to present additional evidence, and that the Commission's determination that she was ineligible for unemployment benefits was not supported by substantial competent evidence.

## II. STANDARD OF REVIEW

Whether the interests of justice require the admission of additional evidence is a matter left to the discretion of the Industrial Commission. *Slaven v. Road to Recovery*, 143 Idaho 483, 484, 148 P.3d 1229, 1230 (2006). This Court will affirm the Commission's determinations unless there is an abuse of that discretion. *Uhl v. Ballard Med. Prods., Inc.*, 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003). The test is "(1) whether the Commission correctly perceived the issue as one of discretion, (2) whether it acted within the outer boundaries of its discretion and

---

[1] Although a copy of the Commission's order of March 4, 2009, denying Simpson's request for reconsideration was included as an appendix to Respondents' brief, this order is not contained within the agency record and thus is not part of the appellate record before this Court. *Goodman Oil Co. v. Scotty's Duro-Bilt Generator, Inc.*, 147 Idaho 56, 59, 205 P.3d 1192, 1195 (2009); *State ex rel. Ohman v. Ivan H. Talbot Family Trust*, 120 Idaho 825, 827, 820 P.2d 695, 697 (1991).

consistently with the legal standards applicable to the specific choices available to it, and (3) whether it reached its decision by an exercise of reason." *Super Grade, Inc. v. Idaho Dep't of Commerce and Labor*, 144 Idaho 386, 390, 162 P.3d 765, 769 (2007).

### III. ANALYSIS

Simpson asserts that the interests of justice required the Commission to grant her a new hearing to present additional evidence because she did not receive sufficient notice regarding the December 3, 2008, hearing. She also argues that the Commission's determination that she voluntarily quit, and therefore is ineligible for unemployment insurance benefits, is not supported by substantial competent evidence.

The Industrial Commission failed to perceive the issue of whether the interests of justice required a new hearing to present additional evidence as discretionary. Based on Simpson's failure to expressly request a new hearing, the Commission summarily concluded a new hearing to present additional evidence was unnecessary. On appeal from an appeals examiner's determination, the record before the Commission is identical to the record before the examiner, "unless it appears to the [C]ommission that the interests of justice require that the interested parties be permitted to present additional evidence." I.C. § 72-1368(7). A party who seeks to introduce new evidence must provide "an explanation of why the proposed evidence was not presented before the examiner." Rule of Appellate Practice and Procedure under the Idaho Employment Security Law 7(B)(5).[2] Once in possession of such an explanation, the Commission must exercise its discretion and "review the matter to determine whether the interests of justice require the presentation of additional evidence." Rule of Appellate Practice and Procedure under the Idaho Employment Security Law 7(C) (Rule 7(C)); *Teevan v. Office of Att'y Gen., Natural Res. Div., State of Idaho*, 130 Idaho 79, 81, 936 P.2d 1321, 1323 (1997). Thus, if presented with circumstances explaining why evidence was not earlier presented, the Commission in its discretion must determine whether the interests of justice require admission of the new evidence.

---

[2] The Rules of Appellate Practice and Procedure under the Idaho Employment Security Law were amended on March 1, 2009. The applicable governing rules at the time of proceedings before the Commission were Rule 6(B) and Rule 6(C). The current Rule 7(B) is identical to Rule 6(B) preceding the 2009 amendments, except that the title of (B) has changed from "Form of Hearing Request" to the present "Application for Hearing." Other than changing Rule 6(C)'s descriptive title, "Standard of Review for Hearing Request; Notice of Commission Hearing; Limitations on Evidence, Witnesses Presented at Hearing," to the current Rule 7(C)'s "Evidentiary Hearing," the text of the original and amended rule is identical. Due to the identical substantive language, the rules are referenced in their present, post-amendment form throughout this opinion.

In the present case, Simpson appealed the appeals examiner's decision to the Commission and explained that, because her landlord frustrated her attempts to keep her mailing address current by sealing her mailbox, she did not receive notice of the hearing and therefore failed to appear before and present evidence to the appeals examiner. However, the Commission did not consider this information, as mandated by I.C. § 72-1368(7), to determine whether the interests of justice required the admission of the additional evidence regarding Simpson's termination. Rather, in its January 23, 2009 written decision and order, the Commission summarily stated that "although Claimant explains her failure to appear at the hearing, she does not specifically ask for a new hearing. Therefore, we conclude that no additional hearing is necessary to further the interests of justice in this matter." Thus, although Simpson explained why she did not present evidence to the appeals examiner, the Commission flatly reasoned that her failure to request a new hearing negated its obligation to analyze whether the interests of justice required it to hold a new hearing. Since the Commission failed to engage in a "review [of] the matter to determine whether the interests of justice require[d] the presentation of additional evidence" as mandated by Rule 7(C), it does not appear that the Commission perceived the determination as one of discretion. We therefore conclude that the Commission abused its discretion.

While it may be that Simpson's right to due process was satisfied when notice of the hearing was mailed to her last known address, the narrower question is whether, based on her explanation of the circumstances which prevented her from presenting evidence to the appeals examiner, the interests of justice require the admission of additional evidence. We therefore remand the matter to the Commission to determine whether the interests of justice require the admission of that additional evidence under Rule 7(C). Since the Commission's determination may affect the contents of the record before the Commission, this Court will not examine whether the Commission's finding that Simpson was ineligible for unemployment benefits was supported by substantial and competent evidence in the record.

### IV. CONCLUSION

We remand to the Commission to determine whether the interests of justice require admission of additional evidence on Simpson's behalf.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.