## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 41951

| | | |
|---|---|---|
| MITCHELL W. KENNEDY, | ) | |
| | ) | |
| Claimant-Appellant, | ) | Coeur d'Alene, August 2015 |
| | ) | |
| v. | ) | 2015 Opinion No. 97 |
| | ) | |
| HAGADONE HOSPITALITY COMPANY, | ) | Filed: September 25, 2015 |
| Employer, and IDAHO DEPARTMENT OF | ) | |
| LABOR, | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| Respondents. | ) | |

Appeal from the Industrial Commission.

Industrial Commission decision and order affirming Department of Labor, affirmed.

Madsen Law Offices, PC, Coeur d'Alene, for appellant. Henry D. Madsen argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Douglas A. Werth, Deputy Attorney General argued.

_____

BURDICK, Justice

This is an appeal of the Industrial Commission's Decision and Order affirming the Department of Labor appeals examiner's finding that Kennedy's request for an appeals hearing was not timely.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 13, 2013, the Idaho Department of Labor (IDOL) mailed two Determinations of Overpayment and an Eligibility Determination (Determinations) to Mitchell Kennedy at the address he had provided when filing for unemployment benefits. The Determinations informed Kennedy that he had the right to appeal, or protest, the Determinations and that the last day to do so was August 27, 2013. The Determinations also explained that faxed protests had to be received by IDOL no later than 5:00 p.m. of the last day to protest. Ultimately, the

1

Determinations warned that if a protest was not filed by the deadline, "the determination will become final and cannot be changed."

On August 21, 2013, Kennedy moved to a new residence. He changed his address with the U.S. Postal Service. Kennedy received the Determinations on August 24, 2013, three days before the deadline. He did not read them until either August 26 or 27.[1] The Industrial Commission (Commission) made no specific finding as to when Kennedy read the letters but did find that "Claimant did not closely review the Determination to realize the applicable appeal dates due to work and other personal priorities." Kennedy faxed his protest to IDOL on August 29, 2013, two days after the August 27 deadline. In the transmission of that protest, Kennedy informed IDOL of his new address.

The appeals examiner found that Kennedy's request for an appeals hearing was not timely and therefore the examiner had no jurisdiction to hear Kennedy's appeal. Kennedy appealed, and the Commission affirmed the examiner's decision. Kennedy then requested reconsideration from the Commission. Finding that Kennedy had not presented any further argument on the relevant issues, the Commission denied the motion. Kennedy timely filed this appeal under Idaho Code section 72-1368(9) and Idaho Appellate Rules 11(d) and 14(b).

## II. STANDARD OF REVIEW

On appeal of an Industrial Commission decision, this Court exercises free review over questions of law. *Oxley v. Med. Rock Specialties, Inc.*, 139 Idaho 476, 479, 80 P.3d 1077, 1080 (2003). We review questions of fact only to determine whether substantial and competent evidence supports the Commission's findings. *Id.* Substantial and competent evidence is "relevant evidence" that a "reasonable mind might accept to support a conclusion." *Id.* (quoting *Folks v. Moscow Sch. Dist. No. 281*, 129 Idaho 833, 836, 933 P.2d 642, 645 (1997)). We will not disturb the Commission's conclusions regarding the credibility and weight of evidence unless they are clearly erroneous. *Oxley*, 139 Idaho at 479, 80 P.3d at 1080. When reviewing Commission decisions, this Court "views all the facts and inferences in the light most favorable to the party who prevailed before the Commission." *Boley v. State*, 130 Idaho 278, 280, 939 P.2d

---

[1] Kennedy testified at the hearing that he opened the Determinations at 6:00 p.m. on August 26, and that he looked at them once again at 10:00 p.m. on August 27. It is unclear from the testimony precisely when Kennedy reviewed the Determinations in detail, and Kennedy's briefing to this Court offers no clarity on the issue. In fact, Kennedy's opening brief to this Court states that he did not open these Determinations until 6:00 p.m. August 26, at which time he "analyzed the contents." Kennedy's reply brief states that although he "located" the letter on August 26, he did not review it in any detail until after 10 p.m. on August 27.

854, 856 (1997). The Commission's decision as to whether to grant a motion for reconsideration is reviewed for an abuse of discretion. *Morris v. Hap Taylor & Sons, Inc.*, 154 Idaho 633, 640, 301 P.3d 639, 646 (2013) ("[E]ven where a party makes a timely request for a new hearing or for reconsideration, the decision is at the Commission's discretion." (citing *Curtis v. M.H. King Co.*, 142 Idaho 383, 388, 128 P.3d 920, 925 (2005))).

### III. Analysis

Kennedy raises three issues in this appeal, one of which asks whether the appeals examiner erred in ruling Kennedy's protest untimely, and another of which asks whether the Commission erred in affirming that ruling. This Court reviews the decisions of the Commission, not the appeals examiner. I.C. § 72-1368(9) ("An appeal may be made to the Supreme Court from decisions and orders of the commission."). Therefore, this Court may take up only two of the issues raised—whether the Commission erred in affirming the examiner's ruling and whether the Commission abused its discretion in denying the request for reconsideration.

**A.      The Commission did not err in affirming the appeals examiner's ruling that the protest was untimely filed.**

Kennedy's argument is essentially that his situation falls within the rules and cases that allow exceptions to IDOL's timely filing requirements due to postal error. Upon service of an eligibility determination, claimants have fourteen days to appeal; otherwise, the determination becomes final. I.C. § 72-1368(3)(c). A notice is served on a claimant "if mailed to his last known address. . . . Service by mail shall be deemed complete on the date of mailing." I.C. § 72-1368(5). This statute creates a conclusive presumption of service upon mailing. *Striebeck v. Emp't Sec. Agency*, 83 Idaho 531, 536, 366 P.2d 589, 591 (1961). Generally, "the statutory requirements governing the right to appeal under the Employment Security Act are mandatory and jurisdictional." *Fouste v. Dep't of Emp't*, 97 Idaho 162, 168, 540 P.2d 1341, 1347 (1975). The rules do allow an exception for postal error in certain circumstances:

> If a party establishes by a preponderance of the evidence that notice of a Department determination was not delivered to the party's last known address within fourteen (14) days of mailing, as provided by the Employment Security Law in Sections 72-1368(3) and (5), Idaho Code, and by the Claims for Wages Act in Sections 45-617(4) and (5), Idaho Code, because of delay or error by the U.S. Postal Service, the period for filing a timely appeal shall be deemed to have been fourteen (14) days from the date of actual notice.

IDAPA 09.01.06.017.01.a. This postal error exception applies only when the IDOL's notice was not delivered to the claimant's last known address within fourteen days of service. Here,

3

however, the notice was delivered to Kennedy within fourteen days. There is no dispute that the Determinations were mailed August 13, 2013, nor that the Postal Service delivered them eleven days later, on August 24. Therefore, the exception for postal error does not apply.

Kennedy argues this Court should "apply the same standard" as in *Moore v. Melaleuca, Inc.*, 137 Idaho 23, 43 P.3d 782 (2002), claiming that case involved postal error in transmitting documents from IDOL to a recipient. In *Moore*, however, the claimant had timely mailed her appeal on the last day for filing, but the Postal Service erroneously postmarked it the following day. *Id.* at 27, 43 P.3d at 786. This Court analyzed whether postal error could excuse a claimant's untimely filing in the same way it can excuse untimely receipt of IDOL notices. *Id.* Unlike the present matter, the *Moore* claimant had proof in the form of a written admission from the Postal Service that any apparent delay was its fault, not the claimant's, and this Court affirmed the conclusion that the claimant's appeal should be considered timely. *Id.* In this case, though, Kennedy does not allege any postal error in postmarking or transmitting his appeal. Kennedy received the determinations on August 24, but he did not read them until August 26 or 27, leaving himself, at a minimum, only one day to protest the determination. He argues that the time he had left to file his appeal after receipt, or after opening his mail, was insufficient. *Moore* is unavailing on this point.

As this Court has previously ruled, "failure to properly utilize the appellate procedure, because of . . . failure to comply with the reasonable time limitations allowed for an appeal" does not excuse the untimely filing of an appeal. *Fouste*, 97 Idaho at 167, 540 P.2d at 1346. In *Fouste*, this Court analyzed the process for appealing IDOL determinations and explained: "The appellate procedure with its prescribed time limitations for perfecting appeals is reasonable. . . . What we are dealing with is a claimant who failed to properly utilize the clearly established procedures for appealing a determination of ineligibility." *Id.* In that case, the claimant was out of town when a determination was mailed to her, and she did not appeal until she returned home, well after the fourteen-day limit had passed. Reiterating prior decisions that filing requirements for appealing a Commission decision are mandatory, this Court affirmed the Commission's ruling that the claimant's filing was untimely. *Id.* at 168, 540 P.2d at 1347 ("[T]he statutory requirements as to the method and manner of taking an appeal are mandatory and the filing and service of notice of appeal within the time and in the manner prescribed by statute are jurisdictional.").

4

Kennedy received his determination within fourteen days of its having been mailed, with three days remaining to file a protest. The Commission found: "Claimant took no steps to preserve his protest rights. Claimant failed to establish a defect in service of any of the Determinations." Substantial and competent evidence supports the Commission's conclusion that no postal error excused Kennedy's untimely appeal.

**B.      The Commission did not abuse its discretion in denying Kennedy's request for reconsideration.**

Kennedy also asks this Court to reverse the Commission's denial of his request for reconsideration. We review the Commission's decision on a request for reconsideration for an abuse of discretion. *Morris*, 154 Idaho at 640, 301 P.3d at 646. Kennedy does not cite to this standard of review or make an argument as to how the Commission abused its discretion. We will nonetheless review the Commission's denial of Kennedy's request for reconsideration for an abuse of discretion.

This Court employs a three-part test to determine whether the Commission abused its discretion: "(1) whether the Commission correctly perceived the issue as one of discretion, (2) whether it acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and (3) whether it reached its decision by an exercise of reason." *Boyd-Davis v. Macomber Law, PLLC*, 157 Idaho 949, 952, 342 P.3d 661, 664 (2015) (quoting *Super Grade, Inc. v. Idaho Dep't of Commerce & Labor*, 144 Idaho 386, 390, 162 P.3d 765, 769 (2007)). The Commission here stated that "[m]otions for reconsideration[] are intended to allow the Commission an opportunity to reexamine its decision in light of additional legal arguments, a change in law, a misinterpretation of law, or an argument or aspect of the case that was overlooked." Commission's R.A.P.P. 8(F). Therefore, the Commission correctly perceived the issue as one of discretion.

The purpose of allowing requests for reconsideration is explained in the rule's comments:

> Subsection (F) contemplates that a request for reconsideration will ask that the Commission reexamine its decision in light of additional legal arguments, a change in law, a misinterpretation of law, or an argument or aspect of the case that was overlooked. A request for reconsideration that is based on a legal argument which could have been raised earlier in the proceeding will not ordinarily be granted. The intent is to provide a format for legal critique, but discourage reactionary motions when a party merely wants the Commission to 'think it over again.'

R.A.P.P. 8(F) Comments. The Commission concluded, "Claimant has not presented any further argument on the issues related to the Decision and Order which would persuade the Commission to alter its ruling." The additional legal arguments Kennedy raises citing to domestic relations and "actual notice" cases are of no avail to him, and the Commission could reasonably conclude Kennedy could have raised them earlier. In concluding that Kennedy had presented "no reason to disturb the Decision and Order," the Commission acted within its discretion and consistently with the applicable legal standards.

Finally, the Commission reached its decision to deny the request for reconsideration through an exercise of reason. Indeed, it responded to Kennedy's arguments by re-explaining its purpose in citing to *Hacking* and noting that Kennedy still had time to file a timely protest after his actual notice. Therefore, we hold the Commission did not abuse its discretion in denying Kennedy's request for reconsideration.

## IV. CONCLUSION

We affirm the Industrial Commission's Decision and Order. Costs to respondent.

Chief Justice J. JONES, Justices EISMANN, W. JONES and HORTON CONCUR.