# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 45420

|  |  |  |
|---|---|---|
| CARLA SPARKS, | ) | |
| | ) | |
| Claimant-Appellant, | ) | Boise, August 2018 Term |
| | ) | |
| v. | ) | Filed: September 10, 2018 |
| | ) | |
| LAURA DRAKE INSURANCE AND FINANCIAL SERVICES, INC., | ) | Karel A. Lehrman, Clerk |
| | ) | |
| Employer, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| IDAHO DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Appeal from Industrial Commission of the State of Idaho.

The decision of the Commission is <u>affirmed</u>. Costs on appeal are <u>awarded</u> to IDOL.

Carla Sparks, Buhl, appellant *pro se*.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent. M. Scott Keim argued.

_____

BEVAN, J.

## I.    NATURE OF THE CASE

Carla Sparks appeals an Idaho Industrial Commission (the "Commission") decision, which affirmed an Idaho Department of Labor ("IDOL") finding that she was not entitled to unemployment benefits after being discharged by her employer, Laura Drake Insurance and Financial Services, Inc. ("Drake Insurance"). The appeals examiner held a telephonic hearing to determine Sparks' unemployment benefit eligibility, but Sparks failed to appear. As a result, Laura Drake's sworn testimony about the details of Sparks' termination was undisputed. The

1

appeals examiner found that Sparks was terminated for cause and thus was not entitled to unemployment benefits. The Commission affirmed, and Sparks appealed to this Court. We affirm the Commission's decision because Sparks was properly found ineligible for unemployment benefits and the hearing officer/Commission's denial of her request to provide additional evidence after the initial hearing was not an abuse of discretion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2017, IDOL issued a personal eligibility determination that found Sparks was eligible to receive unemployment insurance benefits and that Drake Insurance was the chargeable employer. On April 3, 2017, Drake Insurance appealed IDOL's determination, asserting that Sparks was terminated for cause. On April 14, 2017, IDOL mailed the notice for a hearing on Drake Insurance's appeal to Sparks' address on record. The hearing was scheduled for April 26, 2017. The administrative appeal was heard by the appeals examiner by telephone; however, Sparks failed to appear. Laura Drake was present and her testimony was uncontradicted due to Sparks' absence. The appeals examiner reversed the initial personal eligibility determination the next day, finding that Sparks was discharged for cause. On April 28, 2017, Sparks filed a request to reopen the hearing, stating she was unable to attend the hearing because she did not receive notice. Sparks alleged that because the envelope was too large for her mail box, she had to pick it up at the post office window, which was closed because it was after hours. On May 1, 2017, the appeals examiner denied Sparks' request to reopen the hearing.

On May 5, 2017, Sparks filed an appeal with the Commission to reopen the evidentiary proceedings. On June 5, 2017, the Commission issued its decision and found that Sparks had not provided a compelling reason to allow an additional hearing. The Commission found that Sparks' negligence in failing to retrieve the notice of hearing, which had been properly served on her, was insufficient to justify her failure to appear. The Commission also conducted a *de novo* review of the appeals examiner's decision and found that Sparks was terminated by Drake Insurance for cause; therefore, Sparks was not eligible for unemployment benefits. On June 15, 2017, Sparks wrote to the Commission again, requesting to reopen the evidentiary proceedings. On August 29, 2017, the Commission affirmed the decision of the appeals examiner. On September 26, 2017, Sparks filed an appeal to the Idaho Supreme Court.

## III.    ISSUES ON APPEAL

1. Did the Commission abuse its discretion in denying Sparks' request to reopen the evidentiary proceedings?
2. Is the Commission's holding that Sparks was not eligible for unemployment benefits supported by substantial and competent evidence?

## IV.  STANDARD OF REVIEW

The Commission has discretion when determining whether to admit additional evidence. *Simpson v. Trinity Mission Health & Rehab of Midland L.P.*, 150 Idaho 154, 156, 244 P.3d 1240, 1242 (2010) (internal citation omitted). We review the Commission's determination for an abuse of discretion. *Id.* The test for an abuse of discretion is "whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

"When reviewing a decision by the Industrial Commission, this Court exercises free review over the Commission's conclusions of law, but will not disturb the Commission's factual findings if they are supported by substantial and competent evidence." *Serrano v. Four Seasons Framing*, 157 Idaho 309, 314, 336 P.3d 242, 247 (2014) (quoting *Knowlton v. Wood River Med. Ctr.*, 151 Idaho 135, 140, 254 P.3d 36, 41 (2011)). "Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion." *Id.* This Court does not re-weigh evidence and will not disturb the Commission's conclusions regarding the credibility of evidence unless they are clearly erroneous. *Id*.

## V.  ANALYSIS

### A. The Commission did not abuse its discretion in denying Sparks' request to reopen the evidentiary hearing.

Sparks argues that Laura Drake's statements at the evidentiary hearing were misrepresentations and constituted fraud; therefore, the Commission erred by denying her request for a new evidentiary hearing. Sparks relies on her own unsworn testimony within her briefing as the basis for why the evidentiary hearing should have been reopened; however, because Sparks' unsworn testimony is not part of the record, we cannot consider the allegations set forth in her brief on appeal. *See State v. Johnson*, 148 Idaho 664, 670, 227 P.3d 918, 924 (2010) ("[a]ppellate court review is limited to the evidence, theories and arguments that were

3

presented below."); *See also State v. Mitchell*, 124 Idaho 374, 376, n.1, 859 P.2d 972, 974 n.1 (Ct. App. 1993) ("It is axiomatic that an appellate court will not consider new evidence that was never before the trial court. We are limited to review of the record made below"); *Viveros v. State Dep't of Health and Welfare*, 126 Idaho 714, 716, 889 P.2d 1104 (1995).

Generally, the admission of additional evidence is an issue left to the discretion of the Commission. *Slaven v. Road to Recovery*, 143 Idaho 483, 484, 148 P.3d 1229, 1230 (2006). This Court will affirm the Commission's determination unless there is an abuse of that discretion. *Uhl v. Ballard Med. Prods.*, Inc., 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003).

Under Rule 7(C) of the Rules of Appellate Practice and Procedure Under the Idaho Employment Security Law:

> Upon receipt of a timely request or receipt of the record of proceedings before the Appeals Examiner and expiration of the time allowed for interested parties to request a hearing, the Commission shall review the matter to determine whether the interests of justice require the presentation of additional evidence. If the Commission determines, in its discretion, to grant a request for hearing to permit receipt of additional evidence, all parties shall be promptly notified. The Commission may limit the evidence to be presented and may specify the witnesses who are permitted to testify. The Commission may also refer the matter back to the Appeals Examiner for further proceedings.

We hold that the Commission did not abuse its discretion here. First, the Commission correctly perceived the issue of whether to reopen the evidentiary proceedings as one of discretion, expressly acknowledging that the "determination of whether to consider additional evidence is within the Commission's exclusive discretion."

The second and third elements are also satisfied. The Commission acted within the outer boundaries of its discretion through its ability to either accept or reject Sparks' explanation of why the proposed evidence was not presented before the appeals examiner pursuant to Rule 7(C). Ultimately, the Commission considered the interests of justice in determining whether or not to reopen the evidentiary proceedings, and determined that Sparks' negligence in not retrieving her mail was not a sufficient reason to allow additional evidence.

Last, the Commission reached its decision through an exercise of reason. In its ruling, the Commission explained that service of the notice of hearing was proper and presumed to be complete as it was promptly mailed to Sparks' last known address as required by Idaho Code section 72-1368(5). The Commission also recognized that Sparks did not allege that the notice

4

was sent improperly or to an incorrect address. Indeed, the only reason Sparks was unable to retrieve the notification was because it was too large to fit in her post office box, making it unavailable for pickup after normal business hours. The Commission exercised reason when it considered these circumstances and determined they were insufficient to overcome the presumption of service. Thus, we hold the district court did not abuse its discretion in denying Sparks' request to reopen the evidentiary hearing.

**B. The Commission's holding that Sparks' was not eligible for unemployment benefits because she was terminated for cause was supported by substantial and competent evidence.**

The personal eligibility conditions for unemployment benefits under Idaho law provide that a claimant who is discharged for misconduct as part of her employment is not eligible for unemployment benefits. I.C. § 72-1366(5). Misconduct in connection with employment includes the following: "(1) a willful, intentional disregard of the employer's interest; or (2) a deliberate violation of the employer's reasonable rules; or (3) a disregard of a standard of behavior which the employer has a right to expect of his employees." *Adams v. Aspen Water, Inc*., 150 Idaho 408, 413, 247 P.3d 635, 640 (2011); IDAPA 9.01.30.275.02.

The burden falls on the employer to prove an employee's discharge was for misconduct in connection with employment. *Adams*, 150 Idaho at 413, 247 P.3d at 640; IDAPA 09.01.30.275.01. "Under the standard of behavior test, the employer must prove, by a preponderance of the evidence, that (1) the employee's conduct fell below the standard of behavior expected by the employer, and (2) the employer's expectations were objectively reasonable under the circumstances." *Adams*, 150 Idaho at 413, 247 P.3d at 640. The first inquiry addresses the employer's subjective expectations, while the second considers whether those expectations are objectively reasonable. *Id*. An expectation is objectively reasonable if it is communicated to the employee, or if it flows naturally from the employment relationship. *Id*. "Whether the employer's expectations were objectively reasonable is a question of fact." *Folks v. Moscow Sch. Dist. No. 281*, 129 Idaho 833, 838, 933 P.2d 642, 647 (1997). While the Court exercises free review over the Commission's conclusions of law, it will not disturb the Commission's factual findings as long as they are supported by substantial and competent evidence. *Serrano*, 157 Idaho at 314, 336 P.3d at 247.

We hold that substantial and competent evidence supports the Commission's finding that Drake Insurance's expectations were objectively reasonable, as they were communicated to Sparks. Further, because Sparks failed to give any adequate legal or factual reason why she was unable to attend the evidentiary hearing, Laura Drake's uncontradicted testimony was established as fact. Laura Drake's testimony verified that Sparks was reasonably expected to make every effort to perform her job duties in a timely and conscientious manner. Laura Drake's testimony also revealed that she expressed a verbal warning to Sparks that her performance was not meeting her expectations and that "things weren't working out and that her performance needed to improve." Laura Drake then set up weekly meetings with Sparks to go over her work and discuss her performance. As the Commission noted, Sparks should have realized that she needed to complete her work in a timely and conscientious manner. She failed to do so, despite Drake Insurance's efforts to correct the misconduct.

On appeal Sparks' alleges that she was not made aware of any deficiencies about her performance. Even so, Sparks' contentions cannot be addressed on appeal because the record is not sufficient to rebut the Commission's findings of fact. In *Talbot v. Desert View Care Center*, we explained that the claimant did not provide sufficient evidence because he did not provide the IDOL hearing's transcript or audio recording. 156 Idaho 517, 521, 328 P.3d 497, 501 (2014). As a result, we concluded that we were bound to the IDOL and Commission's findings of fact for the case. *Id*. As in *Talbot*, we are bound to accept IDOL's findings of fact due to Sparks' failure to appear at the evidentiary hearing. We hold that substantial and competent evidence supports the Commission's conclusion that Sparks' performance fell below Drake Insurance's reasonable expectations, which ultimately led to her discharge, so Sparks was properly found ineligible for unemployment benefits.

## VI. CONCLUSION

The Commission's decision is affirmed. Costs on appeal are awarded to IDOL as a matter of right.

Chief Justice BURDICK, Justices HORTON, BRODY and STEGNER, CONCUR.

6