**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 48926**

| | | |
|---|---|---|
| NATHANIEL K. SHEEHAN, | ) | |
| | ) | |
| Claimant-Appellant, | ) | **Twin Falls, August 2022 Term** |
| | ) | |
| v. | ) | **Opinion filed: November 2, 2022** |
| | ) | |
| SUN VALLEY COMPANY, Employer; | ) | **Melanie Gagnepain, Clerk** |
| IDAHO DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Industrial Commission is <u>affirmed</u>.

Nathaniel K. Sheehan, Ketchum, Appellant Pro Se. Nathaniel K. Sheehan argued.

Lawrence G. Wasden, Idaho State Attorney General, Boise, for Respondents. Rafael Icaza argued.

_____

MOELLER, Justice.

Nathaniel Sheehan lost his job during the COVID-19 pandemic. He applied for and began receiving unemployment benefits. This appeal arises from the Idaho Department of Labor's ("IDOL") later determination that Sheehan was (1) ineligible for unemployment benefits and (2) required to repay the benefits he had already received. Sheehan represented himself throughout this case. He appealed these decisions to the Idaho Industrial Commission ("Commission"), claiming he had received misleading instructions concerning notice from IDOL. The Commission dismissed his appeal and later denied his motion for reconsideration.

Sheehan now appeals to this Court. While Sheehan presents a poignant story rife with compelling circumstances, we are bound to follow the rules and law of jurisdictional authority. For the reasons below, we affirm the Idaho Industrial Commission.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Nathaniel Sheehan was employed by Sun Valley Company as a full-time employee. He was laid off in early 2020 due to the COVID-19 pandemic. In April 2020, Sheehan applied for and

began receiving state unemployment compensation benefits and federal pandemic unemployment assistance benefits. Later that month, Sheehan "decided to go home to Pennsylvania to pursue some potential work opportunities there."

In July 2020, IDOL issued a "Personal Eligibility Determination," ruling that Sheehan was ineligible for unemployment benefits from April 19, 2020, through May 30, 2020. IDOL determined Sheehan was ineligible because he "did not inform the Department he was more than 100 miles away from his physical address while in [Pennsylvania]." Sheehan had certified each week that he was not away from the area, but later explained to IDOL that "[h]e thought since he did not have an employer anymore that his answer of being within 100 miles of employer was an accurate response since he no longer had an employer." In his protest, Sheehan explained to IDOL's Appeals Bureau that he had gone to Pennsylvania "to pursue some potential work opportunities there." Sheehan argued that it was permissible to leave the state to look for work, citing to the Idaho Labor Unemployment Insurance Claimant Benefit Rights, Responsibilities and Filing Instructions pamphlet.

Since Sheehan had already been paid benefits from April 19 through May 30, IDOL also sent an "Overpayment Determination" notifying Sheehan that repayment of the overpaid benefits was required. Both the Personal Eligibility Determination and the Overpayment Determination informed Sheehan of his right to protest the determinations—and both were mailed to Sheehan's P.O. Box in Ketchum, Idaho. Sheehan had 14 days—until July 29, 2020—to appeal the Personal Eligibility Determination and the Overpayment Determination. Sheehan filed his protest on September 8, 2020, forty-one days after the expiration of the protest period. Importantly, Sheehan does not dispute that his protest was untimely filed.

After filing his protest, Sheehan claims he called IDOL and was informed that he would receive an email regarding the next steps in his appeal. The agency record appears to confirm this. Internal IDOL records show that Sheehan called in on September 17, 2020, and received the following "VM response":

> When your appeal is docketed for hearing, *you will receive an email noting your docket number with information about what to expect as the appeals process goes forward.* Appeals processing is currently running from 8–12 weeks.

(Emphasis added). Over the next two months, Sheehan called IDOL at least three times inquiring about the status of his appeal. The record indicates that in at least two of those calls Sheehan was directed to expect an email update on his appeal.

2

Despite informing Sheehan that he would receive an update on his claim via email, the IDOL Appeals Bureau *mailed* a "Notice of Telephone Hearing" to Sheehan's P.O. Box in Ketchum on December 1, 2020. The notice states, "Failure to follow the instructions on this Notice may result in the DISMISSAL of this appeal or FORFEITURE of the right to participate in the hearing." Sheehan's appeal hearing was set for Monday, December 14, 2020. Sheehan claims he was no longer receiving mail at that P.O. Box when it was delivered because he had cancelled it on December 1, 2020.

After Sheehan failed to call in to the telephone hearing, the Appeals Examiner dismissed his appeal for failure to appear. On December 14, 2020, IDOL's Appeals Bureau mailed the "Notice of Dismissal and Request to Re-Open Form" to Sheehan's Ketchum P.O. Box. This was returned as undeliverable. Attached to the notice is a "Request to Re-Open" form that Sheehan could have completed to request a re-opening of his appeal. Sheehan had until December 24, 2020, to file a request to re-open. He had until December 28, 2020, to appeal the matter to the Commission.

On March 11, 2021, Sheehan emailed IDOL regarding the Notice of Dismissal to the Industrial Commission. In his email, Sheehan explained that he had to call to get the notice, and then asked for a hearing so that he could "defend [him]self and finally resolve this issue." The email, however, did not include an updated address.

On March 29, 2021, the Industrial Commission determined that Sheehan's appeal was untimely and issued its Order Dismissing Appeal. This Order was again sent to Sheehan's last known address—his same P.O. Box in Ketchum. The Order was returned to the Industrial Commission as undeliverable on April 19, 2021.

Sheehan had 20 days to file a request for reconsideration. I.C. § 72-1368(7). Sheehan did not request reconsideration from the Order Dismissing Appeal until May 12, 2021—44 days after the Order Dismissing Appeal was issued. In doing so, for the first time, Sheehan also included an updated mailing address in Vermont.

On June 15, 2021, the Industrial Commission issued an Order Denying Motion for Reconsideration, concluding that Sheehan's request for reconsideration was untimely. The Order Denying Motion for Reconsideration was sent to a different Ketchum P.O. Box and his recently provided Vermont address.

On June 25, 2021, Sheehan appealed from the Industrial Commission's Order Denying Motion for Reconsideration and the Order Dismissing Appeal to this Court. However, the appeal was suspended for 21 days to allow Sheehan to file a response with this Court "showing why the appeal as to the [Industrial Commission's] Order Dismissing Appeal should not be dismissed" since it was untimely. This Court sent an order conditionally dismissing appeal to Sheehan at his new Ketchum P.O. Box, which he provided in his Notice of Appeal. Sheehan did not file a response. Accordingly, on August 25, 2021, this Court issued its "Order re: Conditional Dismissal," which dismissed the appeal regarding the Industrial Commission's Order Dismissing Appeal. This Court ordered that this "case shall proceed as to the appeal from the Order Denying Motion for Reconsideration only."

## II. STANDARD OF REVIEW

"This Court exercises free review over the Industrial Commission's legal conclusions. However, the Commission's factual findings will not be disturbed on appeal so long as they are supported by substantial and competent evidence." *Obenchain v. McAlvain Constr., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006) (internal citations omitted). "This Court will affirm the Commission's determinations unless there is an abuse of that discretion." *Simpson v. Trinity Mission Health & Rehab of Midland L.P.*, 150 Idaho 154, 156, 244 P.3d 1240, 1242 (2010). When reviewing the determinations of the Commission for an abuse of discretion, this Court considers four factors: whether the Commission "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). "When we review a [lower tribunal's] decision to grant or deny a motion for reconsideration, we use the same standard of review the lower [tribunal] used in deciding the motion for reconsideration." *Idaho Power Co. v. Tidwell*, 164 Idaho 571, 574–75, 434 P.3d 175, 178–79 (2018) (quoting *Pandrea v. Barrett*, 160 Idaho 165, 171, 369 P.3d 943, 949 (2016)).

## III. ANALYSIS

While Sheehan's story is an unfortunate one, having lost his job due to the COVID-19 pandemic, we are bound to follow established rules and laws pertaining to jurisdictional authority. We have long held that pro se litigants are "held to the same standards and rules as those represented by an attorney." *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005) (quoting

4

*Twin Falls County v. Coates,* 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003)); *Golay v. Loomis*, 118 Idaho 387, 392, 797 P.2d 95, 100 (1990); *see Scafco Boise, Inc. v. Rigby*, 98 Idaho 432, 566 P.2d 381 (1977) (distinguished on other grounds).

Such standards and rules include timely filing requirements. "Generally, 'the statutory requirements governing the right to appeal . . . are mandatory and jurisdictional.' " *Kennedy v. Hagadone Hosp. Co.*, 159 Idaho 157, 160, 357 P.3d 1265, 1268 (2015) (quoting *Fouste v. Dep't of Emp't,* 97 Idaho 162, 168, 540 P.2d 1341, 1347 (1975)). "The statutory requirements governing the right of appeal under the Employment Security Law are equally mandatory and jurisdictional." *Striebeck v. Emp. Sec. Agency*, 83 Idaho 531, 537, 366 P.2d 589, 592 (1961). "As this Court has previously ruled, 'failure to properly utilize the appellate procedure, because of . . . failure to comply with the reasonable time limitations allowed for an appeal' does not excuse the untimely filing of an appeal." *Kennedy*, 159 Idaho at 161, 357 P.3d at 1269 (quoting *Fouste,* 97 Idaho at 167, 540 P.2d at 1346). Since Sheehan's appeal of the Commission's original order dismissing his appeal was untimely, the only appeal properly before this Court is Sheehan's appeal of the denial of his motion for reconsideration.

Despite this review being limited to Sheehan's motion for reconsideration, Sheehan's brief contains neither citation to the record nor any argument related to the motion for reconsideration. Instead, most of his brief simply restates his version of the facts of the case, none of which have been attested to under oath. The only authority mentioned in the Table of Authorities is the "Industrial Commission Order, March 31, 2021, Dismissing Appeal." This is referenced in the argument section as follows: "This rather tortured procedural history is reasonably accurately described in the Order Dismissing Appeal delivered by the Industrial Commission on March 32, [sic] 2021." The only other legal authority mentioned is a passing reference to Sheehan's due process rights. Despite his oblique references to documents in the record, Sheehan offers no legal authority or any cogent argument for overturning the Commission's order denying his motion for reconsideration. Thus, Sheehan's appeal does not comply with Idaho Appellate Rule 35(a)(6) and is worthy of dismissal. *See Weaver v. Searle Bros.*, 129 Idaho 497, 503, 927 P.2d 887, 893 (1996) (declining to address an issue for failure to comply with I.A.R. 35(a)(6) after appellant "did not address this issue in the argument section of either of its briefs on appeal.").

Even if we were to overlook Rule 35 and consider Sheehan's undeveloped procedural due process argument, he would still be bound by the Commission's filing requirements—none of

which were changed by IDOL's earlier handling of this case. As the Commission explained in its Order Denying Reconsideration:

> Unfortunately for Claimant, it is his burden to keep the Commission apprised of his current mailing address. Claimant did not notif[y] the Commission of any change in his mailing address until May 12, 2021, when he included an address of P.O. Box 1096 West Dover, Vermont 05363 in his emailed request for reconsideration. Service of the Commission's Order Dismissing Appeal was deemed complete when it was sent to his last known address in Ketchum, ldaho on March 29, 2021. Claimant had twenty (20) days from that date to make his request for reconsideration. Claimant did not make his request for reconsideration until May 12, 2021. This was beyond the statutory timeframe allowed for under Idaho Code 72-1368(7).

Notwithstanding the problematic notice issues arising from IDOL's conflicting communications with Sheehan, the Commission cannot be blamed for enforcing its own rules on appeal, especially when it followed those rules. Even if we concluded that IDOL violated Sheehan's due process rights, this would not justify his late filing of the motion for reconsideration to the Commission. In sum, once he appealed to the Commission, he was obligated to follow its rules.

In an email from March 11, 2021, Sheehan indicates he had learned his initial appeal had been denied by IDOL, so he sought review by the Commission. At that time, he should have provided a current mailing address to the Commission. Importantly, Sheehan does not claim that the Commission instructed him to watch for appeal updates via email. Sheehan also offers no explanation or argument for why he waited 44 days before emailing his Motion for Reconsideration, which was 24 days late. Neither does he explain why he failed to update his mailing address with the Commission or IDOL, until after it was too late. As we have held, "it would be unreasonable to expect the [IDOL] to locate all missing claimants; [and] that it was the claimant's burden to notify the [IDOL] since, in most cases, his whereabouts are solely within his control." *Hacking v. Dep't of Emp.*, 98 Idaho 839, 840, 573 P.2d 158, 159 (1978); *see also Gary v. Nichols*, 447 F. Supp. 320, 327 (D. Idaho 1978) ("The claimant's failure to utilize the procedures because he was unavailable to receive his mail does not precipitate a violation of due process."). Importantly, Sheehan was advised of the importance of keeping his address updated when he initially applied for unemployment benefits. Sheehan certified under penalty of perjury that he had "read . . . the UI [Unemployment Insurance] Pamphlet explaining unemployment benefits reporting requirements . . . ." The Pamphlet provided a website address where Sheehan could

6

update his mailing address and stressed the importance of keeping the address current: "Keep your mailing address up-to-date to avoid potential disqualification and *to make sure you receive notice of any written determinations relating to your eligibility for benefits and important appeal deadlines*." (Emphasis added).

In sum, even if IDOL gave Sheehan misleading instructions, potentially excusing his non-appearance at the IDOL appeal hearing, this would not excuse him from following the procedures and adhering to the deadlines of the subsequent tribunals, i.e., the Commission and this Court. In other words, any apparent due process violations on the part of IDOL—troubling though they may be—do not extend to the Commission, nor do they give Sheehan a free pass to avoid its deadlines. Sheehan still needed to follow the Commission's procedural rules.

While we note with concern the conflicting communications by IDOL, it must also be noted that Sheehan has persistently missed other filing deadlines, before and after the missed IDOL appeal hearing, even when the communications were clear. His late filing of the motion for reconsideration to the Commission has no connection to the alleged due process violation by IDOL. Therefore, we conclude it was not an abuse of discretion for the Industrial Commission to deny Sheehan's motion for reconsideration.

## IV. CONCLUSION

For these reasons, the Commission's denial of Sheehan's motion for reconsideration is affirmed.

Chief Justice BEVAN, Justices BRODY, STEGNER and ZAHN **CONCUR.**