573 P.2d 158

Dale HACKING, SSA 518 60 1104,
Claimant-Appellant,

v.

DEPARTMENT OF EMPLOYMENT,
Defendant-Respondent.

No. 12417.

Supreme Court of Idaho.

Jan. 11, 1978.

Dale Hacking, pro se.

Wayne L. Kidwell, Atty. Gen., R. LaVar Marsh, Deputy Atty. Gen., Donald L. Harris, Asst. Atty. Gen., Boise, for defendant-respondent.

PER CURIAM:

Hacking applied for unemployment benefits on February 2, 1976, citing "lack of work" as his reason for unemployment. On the following day, his employer, Bissel Associates, replied that Hacking was unemployed due to excessive absenteeism and inability to do the work in the manner instructed. At an "insurance interview" on February 19, 1976, Hacking explained his absenteeism as being due to illness. On March 8, 1976, Hacking was determined to be eligible, was mailed a notice to that effect and began receiving benefit checks at his address in Burley.

On March 19, 1976, Bissel protested the determination and presented additional evidence regarding Hacking's absenteeism. On the strength of this employer protest, the D.O.E. interviewer found that,

"The preponderance of the evidence indicates that you [Hacking] were absent from work when you were obligated to be there without properly notifying the employer. This action must be considered misconduct for unemployment insurance purposes."

The redetermination notice announcing this decision was mailed to Hacking on March 25, 1976, at his Burley address.

Hacking testified that he moved out of his Burley residence on March 26, 1976, in anticipation of taking up residence in Twin Falls after his forthcoming marriage. He admits that he did not leave a change of address with the Post Office until April 5, 1976. Consequently, the letter containing the redetermination notice was returned to the D.O.E. as undeliverable, with the notation "unable to forward." The D.O.E. later searched its files and found a rural address in Rupert (the address of Hacking's parents with whom he had lived when he filed for benefits after being released from the armed forces in 1973). The redetermination notice was sent to the Rupert address on April 12, 1976, and Hacking did not receive it until Easter Sunday, April 18, 1976. Hacking filed an appeal from the adverse redetermination, which filing was received by the D.O.E. on April 21, 1976.

A hearing was held on May 20, 1976, before Appeals Examiner Pipkin, who determined that Hacking's appeal was not timely filed within the 14-day limit specified by I.C. § 72–1368. Section (e) of that statute provides:

"For purposes of this section, a notice shall be deemed served if delivered to the person being served or if mailed to his last known address; service by mail shall be deemed complete on the date of mailing."

This case is controlled by *Fouste v. Department of Employment*, 97 Idaho 162, 540 P.2d 1341 (1975). In that case, a vacationing claimant was away from home and, because her mail was being held by a friend, did not receive a determination of ineligibility till after her return—at which time the 14-day appeal limit had already run. We held that it would be unreasonable to expect the D.O.E. to locate all missing claimants; that it was the claimant's burden to notify the D.O.E. since, in most cases, his whereabouts are solely within his control; and that the "statutory requirements governing the right to appeal under the Employment Security Act are mandatory and jurisdictional." 97 Idaho at 168. Here, too, claimant failed to appeal the redetermination decision within the 14-day period provided by statute and thereby lost his right to have that decision reviewed. The order of the Industrial Commission is affirmed.