# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 50660

CHESLA A. SCOTT, )
       )
  Claimant-Appellant, )
       )
v. )
       )
HOME DEPOT USA, INC., Employer; G2 )
SECURE STAFF, L.L.C., Major Base )
Employer; and IDAHO DEPARTMENT OF )
LABOR, )
       )
  Defendants-Respondents. )

**Boise, October 2024 Term**

**Opinion Filed: December 23, 2024**

**Melanie Gagnepain, Clerk**

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Commission is <u>affirmed</u>.

Idaho Legal Aid Services, Inc., Boise, and Birch, Hallam, Harstad & Johnson, Boise, for Appellant, Chesla A. Scott. Michael Bowers argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent Idaho Department of Labor. Douglas A. Werth argued.

_____

MEYER, Justice.

This case concerns Chesla A. Scott's due process challenge to the Idaho Department of Labor's service of three determination notices in September 2022. The Department mailed these determination notices to Scott's last known address in compliance with Idaho Code section 72-1368(5). Scott claims she was temporarily working out-of-state and did not receive the determination notices until after the fourteen-day appeal period expired. When Scott sought to appeal the determinations, the Department's Appeals Examiner dismissed her appeal as untimely. The Idaho Industrial Commission affirmed the Appeals Examiner's decision.

On appeal, Scott argues that the Department's service by mail requirement under section 72-1368(5) does not meet the "reasonableness under all the circumstances test" established in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); therefore, it does not comply with the Fourteenth Amendment to the U.S. Constitution and Article I, section 13 of the Idaho

1

Constitution. For the following reasons, we affirm the Commission's decision because service by mail, in this case, was reasonable under all the circumstances to inform Scott of the unemployment determinations and to afford her an opportunity to file a timely written appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Scott first began requesting unemployment benefits in late March 2020, claiming that her then-employer, First Student America Group, where she was employed as a school bus driver, had reduced her hours. Scott continued to receive unemployment benefits after she gained employment with The Home Depot Inc. in June 2020. In 2021, the Department audited Scott's unemployment insurance claim, and a representative sent weekly earning requests to Scott's listed employers: First Student and The Home Depot. The Home Depot, responding through a third-party benefits verification service, provided Scott's biweekly wages and reported that Scott had voluntarily quit. In 2022, the Department discovered the discrepancies regarding Scott's reason for separation from The Home Depot and the wage amounts she reported as having earned. The discrepancies were forwarded to a claims investigator.

A claims investigator for the Department then requested additional information from The Home Depot and Scott. The Home Depot provided Scott's time-clock records but did not provide additional information regarding Scott's separation. Attempting to contact Scott, the claims investigator left three voice messages between April and July 2022 on Scott's telephone, requesting that Scott provide information regarding The Home Depot wage and separation discrepancies within forty-eight hours. On May 12, 2022, the claims investigator also mailed a letter to Scott's last known address requesting that she explain the discrepancies. Scott did not return the Department's calls or respond to the letter.

Subsequently, the Department determined that Scott was ineligible for unemployment benefits. On September 2, 2022, the Department mailed three determinations to Scott's last known address, a post office box in Boise. The first Personal Eligibility Determination notified Scott that the Department had determined she was ineligible for benefits effective September 27, 2020, because she had voluntarily quit her job with The Home Depot without good cause. The second Eligibility Determination notified Scott that the Department had determined she committed unemployment insurance benefit fraud by willfully underreporting her wages for two weeks in the summer of 2020, and willfully failing to report her separation from The Home Depot. Finally, the Overpayment Determination notified Scott that the Department had determined she owed the

2

Department $2,168.00 in overpaid benefits and a civil penalty of $510.75, for a total of $2,678.75. The first two determinations provided "[i]f you disagree with this determination, you have FOURTEEN (14) DAYS FROM THE DATE OF MAILING to file a written appeal with the Idaho Department of Labor Appeals Bureau." The third determination provided, "[i]f you disagree with this determination, a written appeal must be filed with Idaho Department of Labor Appeals Bureau by the *last day to appeal as* shown on the overpayment detail by week section of this notice." All the determinations provided information regarding how to appeal.

The last day to file a written appeal with the Department was September 16, 2022. Scott eventually appealed the determinations on November 21, 2022. Because Scott sent the written appeal to the wrong email address, the Department did not receive it until November 28, 2022.

A Department Appeals Examiner conducted an evidentiary hearing on Scott's appeal telephonically on December 14, 2022. Scott represented herself and provided testimony. The claims investigator was present on behalf of the Department. The issues before the Appeals Examiner were whether Scott's appeal was timely and, if so, six other issues addressing the merits of Scott's case.

During the hearing, Scott testified that she could not remember the exact dates, but she was temporarily working in Washington from September through October or November 2022. That is why she did not receive the determinations in the mail until after the appeal period expired. She explained that, after she filed her unemployment insurance claim in March 2020, she could not afford her rent and began living in her car. Because she was unhoused, she often struggled to check her post office box. She claimed that she was working long hours to improve her living situation, was using a pay-as-you-go phone, and would not have received the Department's voice mail messages on her cell phone. She had issues with mail getting delivered in a timely manner. Scott also testified that if the Department had sent her emails, she would not have seen them because she was not checking her email.

In a written decision, the Appeals Examiner concluded that Scott's appeal of the determinations was not timely filed under Idaho Code section 72-1368(3) and (5) of the Idaho Employment Security Law. Therefore, the determinations were final and could not be changed.

Scott timely appealed the Appeals Examiner's decision to the Idaho Industrial Commission. In her notice of appeal, Scott requested an opportunity to submit additional evidence. The Commission treated Scott's request as a request for a new hearing to reopen the record to

3

admit additional evidence. The Commission denied Scott's request, citing Idaho Code section 72-1368(7) and Rule 7(B)(5) of the Rules of Appellate Practice and Procedure under the Idaho Employment Security Law (eff. July 1, 2021) ("Commission Appellate Rules"). The Commission instead conducted a de novo review of the record. The single issue before the Commission was whether Scott filed a timely written appeal of the September 2, 2022, Personal Eligibility Determination, Eligibility Determination, and Overpayment Determination. The Commission concluded that Scott had not timely filed her written appeal of the determinations and affirmed the Appeals Examiner's decision.

Scott timely appealed to this Court through counsel.

## II. ISSUES ON APPEAL

1. Did Scott exhaust her administrative remedies before bringing her appeal to this Court?
2. Did Scott preserve her constitutional challenge on appeal?
3. Does the service of unemployment determinations solely by mail satisfy constitutional Due Process requirements?

## III. STANDARDS OF REVIEW

"This Court exercises free review over the Industrial Commission's legal conclusions. However, the Commission's factual findings will not be disturbed on appeal so long as they are supported by substantial and competent evidence." *Sheehan v. Sun Valley Co.*, 171 Idaho 248, 251, 519 P.3d 1188, 1191 (2022) (quoting *Obenchain v. McAlvain Constr., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006)).

"The party challenging a statute on constitutional grounds 'bears the burden' of establishing that the statute is unconstitutional 'and must overcome a strong presumption of validity.' *Planned Parenthood Great Nw. v. State*, 171 Idaho 374, 397, 522 P.3d 1132, 1155 (2023) (quoting *CDA Dairy Queen, Inc. v. State Ins. Fund*, 154 Idaho 379, 382, 299 P.3d 186, 189 (2013)). Generally, the Court is "obligated to seek an interpretation of a statute that upholds its constitutionality." *Id.* at 397–98, 522 P.3d at 1155–56 (alteration omitted) (quoting *Am. Falls Reservoir Dist. No. 2 v. Idaho Dep't of Water Res.*, 143 Idaho 862, 869, 154 P.3d 433, 440 (2007)).

## IV. ANALYSIS

Scott requests that this Court reverse the Commission's decision determining that Scott's appeal was untimely and remand the case for a hearing on the merits. She asserts that the service of unemployment insurance determinations solely by regular mail violates due process under the Fourteenth Amendment to the U.S. Constitution and Article I, section 13 of the Idaho Constitution

4

when the Department has the means to provide electronic notification but fails to do so. Scott's challenge specifically targets Idaho Code section 72-1368(5) as applied in her case.

As a preliminary matter, the Department argues that Scott's due process claim was not preserved for appeal because she failed to exhaust administrative remedies below and now improperly raises her as-applied constitutional challenge for the first time on appeal. We address these threshold issues before evaluating the merits of Scott's claim.

**A.      Scott exhausted her administrative remedies before bringing her appeal to this Court.**

The Department contends that Scott failed to exhaust her administrative remedies, thereby depriving this Court of a sufficient record for review. Scott responds that she fulfilled all statutory and procedural requirements by timely requesting a review of the Department's determinations before the Appeals Examiner and a review of the Appeals Examiner's decision before the Industrial Commission.

The Department's briefing is unclear about whether it suggests Scott had options to pursue or if she still had mandatory requirements to follow. In addition to this uncertainty, the Department's argument is primarily based on caselaw that applies the administrative exhaustion rule under Idaho Code section 67-5271 of the Idaho Administrative Procedure Act ("APA") and the policy reasons underlying the administrative exhaustion rule, including *American Falls Reservoir District. No. 2 v. Idaho Department of Water Resources*, 143 Idaho 862, 154 P.3d 433 (2007), and *White v. Bannock County Commissioners*, 139 Idaho 396, 80 P.3d 332 (2003). However, the Department does not explicitly cite the APA or Idaho Code section 67-5271. Under Idaho Code section 67-5271, "[a] person is not entitled to judicial review of an agency action until that person has exhausted all administrative remedies required in this chapter." I.C. § 67-5271(1). Despite that, Idaho Code section 67-5270 of the APA explicitly exempts Industrial Commission proceedings from this requirement. "A party aggrieved by a final order in a contested case decided by an agency *other than the industrial commission . . .* is entitled to judicial review under this chapter[.]" I.C. § 67-5270(3) (emphasis added).

Furthermore, consistent with section 67-5270, Idaho Code section 72-1368(12) clarifies that the APA does not apply to employment security cases. "The provisions of the Idaho administrative procedure act, . . . regarding contested cases and judicial review of contested cases are *inapplicable* to proceedings involving claimants under the provisions of this chapter." I.C. § 72-1368(12) (emphasis added); *see also* I.C. § 72-1361 (stating the APA does not apply to

5

employment-security appeals). This Court has consistently upheld this exemption. *See Smith v. Idaho Dep't of Labor*, 148 Idaho 72, 74, 218 P.3d 1133, 1135 (2009); *Allen v. Partners in Healthcare, Inc.*, 170 Idaho 470, 479, 512 P.3d 1093, 1102 (2022). Accordingly, the administrative exhaustion rule under section 67-5271 does not apply to Industrial Commission cases.

Even so, administrative exhaustion may still be required where specific remedies are mandated by statute. As explained in *Hartman v. Canyon County*, "[i]f an administrative remedy is provided by statute, relief must first be sought by exhausting such remedies before the courts will act." 170 Idaho 666, 670, 516 P.3d 90, 94 (2022) (quoting *Nation v. State, Dep't of Corr.*, 144 Idaho 177, 193, 158 P.3d 953, 969 (2007)). The legislature can mandate exhaustion; however, absent such a requirement, courts have discretion in applying the administrative exhaustion doctrine. *Id.* In the context of unemployment appeals, Idaho Code section 72-1368 establishes a detailed procedural framework that claimants must follow to exhaust administrative remedies. For instance, when an interested party files a determination appeal, a hearing will be held before an appeals examiner appointed by the Idaho Department of Labor Director. I.C. § 72-1368(4)(a).

> [T]he appeals examiner shall affirm, modify, set aside or reverse the determination . . . after affording the interested parties reasonable opportunity for a fair hearing, or may refer a matter back to the [D]epartment for further action. . . . The appeals examiner may, either upon application for rehearing by an interested party or on his own motion, rehear, affirm, modify, set aside or reverse any prior decision on the basis of the evidence previously submitted or on the basis of additional evidence; provided, that such application or motion be made within ten (10) days after the date of service of the decision.

I.C. § 72-1368(6). If dissatisfied with the appeals examiner's decision, a party may appeal within fourteen days. *Id.* The Commission then reviews the claim in accordance with its own rules of procedure: "On the basis of the record of proceedings before the appeals examiner as well as additional evidence, if allowed, the [C]omission shall affirm, reverse, modify, set aside or revise the decision of the appeals examiner or may refer the matter back to the appeals examiner for further proceedings." I.C. § 72-1368(7). Finally, appeals to this Court must comply with subsection (9): "An appeal may be made to the Supreme Court from decisions and orders of the [C]omission within the times and in the manner prescribed by rule of the Supreme Court." I.C. § 72-1368(9).

The Department contends that Scott was also required to exhaust the procedures outlined in the Commission Appellate Rules to present evidence and arguments supporting her procedural due process claim. This argument is unpersuasive. While statutory provisions may grant agencies the authority to create and adopt reasonable rules and regulations, such rules do not inherently

create mandatory administrative remedies. As *Hartman* clarified, such remedies must be explicitly mandated to trigger exhaustion requirements. 170 Idaho at 671, 516 P.3d at 95. Here, Idaho Code section 72-1368 outlines the required appeals process for unemployment claims, which must be completed before bringing a case to this Court. However, the legislature did not mandate that claimants also comply with the Commission's procedural rules, such as motions for reconsideration, as a prerequisite for judicial review.

The Department further argues that Scott could have filed a motion for reconsideration under Commission Appellate Rule 8(F). At the time of the hearing, Rule 8(F) provided that "[m]otions for reconsideration shall be in writing and specifically identify the legal justification upon which the motion is based. The request for reconsideration must be made within twenty (20) days from the date of filing of the Commission's decision and order, and served on all interested parties." R.A.P.P. 8(F) (2021). Like Rule 8(F), Idaho Code section 72-1368(6) permits a party to request a rehearing, but neither Rule 8(F) nor Idaho Code section 72-1368(6) make that action mandatory. Furthermore, the comment to Rule 8(F) underscores its discretionary nature, noting that "[a] request for reconsideration that is based on a legal argument which could have been raised earlier in the proceeding will not ordinarily be granted." R.A.P.P. 8(F) (2021) cmt. at 11–12. Thus, the Department's argument misinterprets the permissive nature of the statute and rule.

In this case, Idaho Code section 72-1368 defines the mandatory exhaustion process, and Scott fully complied with it. First, Scott filed a written appeal under Idaho Code section 72-1368(4) on November 21, 2022, though untimely, which the Department received seven days later. After participating in the evidentiary hearing on December 14, 2022, Scott timely appealed the Appeals Examiner's decision to the Commission under Idaho Code section 72-1368(7). Finally, after the Commission affirmed the Appeals Examiner's decision, Scott appealed to this Court, complying with Idaho Code section 72-1368(9).

The Department's claim that Scott was required to exhaust additional remedies under the Commission Appellate Rules is unsupported. Idaho Code section 72-1368 sets forth the mandatory exhaustion process, and Scott satisfied each requirement. Therefore, we hold Scott has fully exhausted her administrative remedies, and her appeal is properly before this Court.

**B.    Scott's as-applied due process challenge is properly preserved under *Allen v. Partners in Healthcare, Inc*.**

The Department further argues that Scott waived her as-applied due process challenge by failing to raise it before the Appeals Examiner or the Commission. Scott contends that her

7

argument—that notice by mail was constitutionally inadequate under the circumstances—was sufficiently raised during the administrative process, even if she did not explicitly frame it as a constitutional issue. In addition, Scott relies on *Allen v. Partners in Healthcare, Inc.*, 170 Idaho 470, 473, 512 P.3d 1093, 1096 (2022), to argue that she did not waive her due process argument by failing to raise it below.

In *Allen*, this Court held that the Industrial "Commission lacks jurisdiction to resolve constitutional questions." 170 Idaho at 479, 512 P.3d at 1102. The claimant in *Allen* appealed from a Commission decision that denied her unemployment benefits. *Id.* at 474–75, 512 P.3d at 1097–98. On appeal, she argued that her appeals process with the Department and Commission was fraught with due process issues. *Id.* at 480, 512 P.3d at 1103. She pointed to procedural errors, including the Commission's denial of her request for a new hearing and the Commission's de novo review of the record before the appeals examiner. *Id.* While this Court ultimately rejected those arguments, we did so on the merits, relying in part on the record developed before the appeals examiner and the Commission. *Id.* In doing so, we discussed the powers vested in the Commission by Idaho Code sections 72-1332, 72-1333, and 72-1368, none of which grant the Commission authority to resolve constitutional issues. *Id.* at 479–80, 512 P.3d at 1102–03. Consequently, claimants may raise constitutional claims for the first time on appeal to the Idaho Supreme Court. *See id.* The *Allen* decision reaffirmed the principle from *Tupper v. State Farm Insurance*, 131 Idaho 724, 729–30, 963 P.2d 1161, 1166–67 (1998), which allowed a claimant to assert an equal protection argument on appeal, despite not raising it during administrative proceedings.

The Department argues that *Allen* conflicts with prior cases such as *Cox v. Hollow Leg Pub and Brewery*, 144 Idaho 154, 158 P.3d 930 (2007), and *Buffington v. Potlatch Corp.*, 125 Idaho 837, 875 P.2d 934 (1994), which held that constitutional issues must be preserved before the Commission. However, *Allen* and *Tupper* remain controlling precedent, establishing an exception for constitutional claims in Industrial Commission cases. Therefore, to the extent that *Cox* and *Buffington* hold that constitutional issues must be presented to the Commission for a claimant to preserve them for appeal, they are overruled.

Here, Scott's argument raised before the Commission that mail service was insufficient aligns with the due process claim she now asserts before this Court. In addition, under *Allen*, the Commission lacked jurisdiction to address the constitutional validity of Idaho Code section 72-

1368(5). Thus, we hold that Scott's as-applied due process challenge is properly preserved for judicial review.

Scott exhausted the necessary administrative remedies and properly preserved her as-applied due process challenge. Having resolved these threshold matters, we now turn to the merits of Scott's constitutional claim.

**C.    The Department's mailing of the determination notices to Scott under Idaho Code section 72-1368(5) was reasonable under all the circumstances and did not violate due process.**

Scott asserts that the Department's decision to send unemployment insurance determinations solely by regular mail violated her due process rights under the Fourteenth Amendment to the U.S. Constitution and Article I, section 13 of the Idaho Constitution. She contends that electronic notification methods, being minimally burdensome, would have provided constitutionally adequate notice.

The Department responds that its statutory practice of mailing notices, as required by Idaho Code section 72-1368, satisfies constitutional notice requirements. The Department cites *Sheehan v. Sun Valley Co.*, 171 Idaho 248, 519 P.3d 1188 (2022), and *Fouste v. Department of Employment*, 97 Idaho 162, 540 P.2d 1341 (1975), as binding precedent. However, neither case directly addresses Scott's constitutional challenge to the adequacy of mail notice procedures under the Due Process Clause.

This Court has consistently upheld the mail notice provisions of Idaho Code section 72-1368, emphasizing that "statutory requirements governing the right to appeal under the Employment Security Act are mandatory and jurisdictional." *Fouste*, 97 Idaho at 168, 540 P.2d at 1347; *see Sheehan*, 171 Idaho at 252, 519 P.3d at 1192; *see also Hacking v. Dep't of Emp.*, 98 Idaho 839, 840, 573 P.2d 158, 159 (1978) (affirming dismissal of appeal for failure to file within fourteen-day limit under Idaho Code section 72-1368). In *Fouste*, we addressed whether the fourteen-day deadline for appealing the denial of unemployment insurance benefits under Idaho Code section 72-1368 violated the Social Security Act, which required a state program for administering unemployment compensation "be reasonably calculated to insure full payment of unemployment compensation when due[.]" 97 Idaho at 164–65, 540 P.2d at 1343–44 (quoting 42 U.S.C. § 503(a)(1)). The claimant in that case quit her job and applied for unemployment benefits, which were denied. *Id.* at 163–64, 540 P.2d at 1342–43. The denial was mailed to her last known address while she was out of state, and the claimant returned home after the deadline to file an

appeal had passed. *Id.* at 164, 540 P.2d at 1344. When she attempted to appeal months later, the Department dismissed her appeal, ruling that the redetermination examiner was without authority to rule on the claimant's request because she did not appeal the determination within the fourteen-day statutory time limit after mailing. *Id.*

This Court affirmed the dismissal, holding that "the statutory requirements as to the method and manner [of] taking an appeal are mandatory and the filing and service of notice of appeal within the time and in the manner prescribed by statute are jurisdictional." *Id.* at 168, 540 P.2d at 1347 (quoting *Striebeck v. Emp. Sec. Agency*, 83 Idaho 531, 537, 366 P.2d 589, 592 (1961)). We rejected the claimant's argument that the procedures (for filing an unemployment compensation benefits claim and for appealing an adverse determination, under Idaho Code section 72-1368) violated the Social Security Act, reasoning that "[t]he 14-day limitation strikes a necessary balance between a claimant's right to appeal and the Department's need to handle its affairs in an expeditious and efficient manner." *Id.* at 167–68, 540 P.2d at 1346–47.

More recently, in *Sheehan*, we reiterated that claimants bear the burden of complying with the statutory deadlines under Idaho Code section 72-1368(7). 171 Idaho at 253, 519 P.3d at 1193. After losing his job, the claimant in that case received unemployment benefits but was later deemed ineligible because, contrary to his weekly certification that he was not away from the area, he failed to inform the Department that he was out-of-state more than 100 miles from his physical address. *Id.* at 250, 519 P.3d at 1190. The Department mailed the claimant's determination notices to his post office box in Idaho, even though he was pursuing other work opportunities in Pennsylvania. *Id.* The claimant filed his appeal late and subsequently missed multiple other filing deadlines, attributing the delay to the Department's unclear guidance. *Id.* at 250–51, 519 P.3d at 1190–91. In affirming the Industrial Commission's dismissal, we dismissed the claimant's due process claim because it was unsupported and undeveloped, lacking citations and substantive arguments. *Id.* More importantly, we concluded that any due process concerns regarding the Department's unclear guidance did not absolve the claimant's late filing of the motion for reconsideration to the Commission. *Id.* at 253, 519 P.3d at 1193. Finally, we noted that "it would be unreasonable to expect the [Department] to locate all missing claimants; [and] that it was the claimant's burden to notify the [Department] since, in most cases, his whereabouts are solely within his control." *Id.* (first citing *Hacking*, 98 Idaho at 840, 573 P.2d at 159, and then citing *Gary v. Nichols*, 447 F. Supp. 320, 327 (D. Idaho 1978)).

10

*Fouste* and *Sheehan* support the principle that procedural rules ensure administrative efficiency and finality. *See also Morley v. RS Unlimited, Inc.*, 173 Idaho 14, 538 P.3d 383 (2023) (holding a pro se litigant to the same standards and rules, including timely filing requirements, as those represented by an attorney). However, *Fouste* and *Sheehan* do not answer the question presented in this case. Here, Scott's as-applied due process challenge focuses on whether the alleged inadequate notice procedures, combined with the short, fourteen-day timeline, deprived her of a meaningful opportunity to object, thereby violating constitutional guarantees.

Scott argues that under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), the Department's notice was not "reasonably calculated, under all the circumstances," to apprise her of the determinations and afford an opportunity to object. "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). The opportunity to be heard holds little value unless individuals are informed of pending matters and can choose to appear, default, acquiesce, or contest. *See Mullane*, 339 U.S. at 314. In *Mullane*, the United States Supreme Court held that due process requires adequate notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* The Supreme Court evaluated the adequacy of notice given to beneficiaries of a common trust fund managed by Central Hanover Bank, which only provided notice through newspaper publication as required by New York Banking Law. *Id.* at 309–10. The newspaper notice listed essential details about the trust yet omitted the beneficiaries' names and addresses. *Id.* at 310. The Court explained that while publication notice suffices when parties cannot be identified or located, parties whose information is known or reasonably ascertainable must receive more direct forms of notice, such as mail. *Id.* at 316–17. The Court reasoned that mailing a notice was a simple and effective alternative for parties whose names and addresses were known or reasonably ascertainable considering the bank regularly mailed checks to known parties and easily could have sent notices through the same channels. *Id.* at 319.

Following *Mullane*, in *Jones v. Flowers*, the Supreme Court held that when the government is aware that its initial notice attempt failed, due process requires "additional reasonable steps to provide notice . . . if it is practicable to do so." 547 U.S. 220, 225–27 (2006). In *Hardy v. Phelps*, this Court applied the principles set forth in *Mullane* and *Jones* to address whether government

efforts to notify a taxpayer of pending tax deed risk were sufficient to satisfy due process. 165 Idaho 137, 144, 443 P.3d 151, 158 (2019).

Scott's appeal raises the question of whether mailing the determinations was sufficient when alternative methods, such as electronic notice, were feasible even when the government is not aware that its initial notice attempt failed. Idaho Code section 72-1368(5) specifies how service of communications from the Department must be made:

> All interested parties shall be entitled to prompt service of notice of written or digital communications from the [D]epartment providing notice of an administrative or other deadline . . . requiring a response within a specified time. *Notice shall be deemed served if delivered to the person being served, if mailed to his last known address or if electronically transmitted to him at his request and with the department's approval.* Service by mail shall be deemed complete on the date of mailing. Service by electronic transmission shall be deemed complete on the date notice is electronically transmitted.

I.C. § 72-1368(5) (emphasis added). The statute deems service by mail complete upon mailing, creating a presumption of service when the notice is mailed to the person's last known address. *See Kennedy v. Hagadone Hosp. Co.*, 159 Idaho 157, 160, 357 P.3d 1265, 1268 (2015) (citing *Striebeck*, 83 Idaho at 536, 366 P.2d at 591). Scott does not dispute the Department's compliance with the statute but argues that electronic notice was constitutionally required because it was an additional reasonable step that was practicable to undertake.

Scott relies on *Greene v. Lindsey*, 456 U.S. 453, 444 (1982), where posting eviction notices on apartment doors was deemed inadequate due to the high likelihood of removal. She argues that the Department's sole reliance on mail was similarly deficient, given the availability of inexpensive electronic alternatives. However, mailing is not constitutionally inadequate merely because other options existed. To require an agency to use a different method of service there must be an indication that service was not initially accomplished. *See Jones*, 547 U.S. at 225–27; *Greene*, 456 U.S. at 453–54; *Hardy*, 165 Idaho at 144–45, 443 P.3d at 158–59. Scott has not shown that the Department was aware that she had not received the determination notices. Without that, her argument fails. Even under her circumstances, in which she admits that she would not have seen the determinations because she was not checking her email, none of Scott's suggested alternative methods would have changed the outcome.

The record indicates that Scott was advised of the importance of keeping her address updated when she initially applied for unemployment benefits. The Department provided her with an Unemployment Insurance Claimant Benefit Rights, Responsibilities and Filing Instruction

12

Booklet that notified her (1) "[e]ach claim is subject to review by unemployment insurance claim auditors up to five years after you stop filing, so it is important that you update your mailing address," and (2) "[k]eep your mailing address up-to-date to avoid potential disqualifications and *to make sure you receive notice of any written determinations relating to your eligibility for benefits and important appeal deadlines*." (Emphasis added). Further, the Booklet states that a "[f]ailure to respond promptly and completely to audit requests may result in a fraud determination and overpayment." Scott acknowledges receiving this guidance and does not dispute that she failed to arrange for her mail to be forwarded or checked during her absence.

While Scott acknowledges that the Department did not have actual knowledge of her housing insecurity, she contends that the Department should have known she was unhoused in March 2021 because she told a Department representative she was unhoused and the representative "provided [her] with info on the IDOL 'Get Help' website for housing assistance." Nevertheless, whether the Department knew that Scott was unhoused in March 2021 does not necessarily mean that the Department knew that service would be ineffective in September 2022. Scott's address at all relevant time periods was a post office box, so even if her physical address changed, the record contains no evidence that the Department knew or should have known that Scott had not received the determinations. Without such knowledge, the Department was not required to take additional measures to provide notice. *See Hardy*, 165 Idaho at 144–45, 443 P.3d at 158–59; *Jones*, 547 U.S. at 225–27.

The Department's method of service, as applied in this case, was reasonably calculated to provide notice under all the circumstances. This is what is required under *Mullane*, *Jones*, *Greene*, and *Hardy*. Accordingly, the Industrial Commission's dismissal of Scott's untimely appeal is affirmed.

**D.    Neither party is awarded attorney fees on appeal.**

At oral argument, the Department withdrew its request for attorney fees under Idaho Code section 12-117(1) and Idaho Appellate Rule 41. Likewise, Scott did not request attorney fees on appeal. Therefore, we do not award attorney fees on appeal to either party. The Department is awarded costs under Idaho Appellate Rule 40.

## V. CONCLUSION

For the reasons explained above, we affirm the Commission's decision dismissing Scott's appeal as untimely.

Chief Justice BEVAN and Justices BRODY, MOELLER and ZAHN CONCUR.